IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION NO. 1:19-CV-82-MR-WCM

COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS,
CONSPIRACY TO DEPRIVE OF CIVIL RIGHTS; CRIMINAL
TRESPASS ON POSTED REGISTERED PROPERTY; COLOR OF
LAW; HOME-SCHOOL-BUSINESS INVASION WITHOUT
WARRANT /OFFICIAL SERVICE OF PROCESS; SPOTLIGHTING
PLAINTIFF'S HOME-SCHOOL-BUSINESS; VERBAL ASSAULT;
DENIAL OF DUE PROCESS; UNLAWFUL ARREST ON
PLAINTIFF'S HOME-SCHOOL-BUSINESS PROPERTY;
UNLAWFUL SEARCH AND SEIZURE ON PLAINTIFF'S
HOME-SCHOOL-BUSINESS PROPERTY; POLICE BRUTALITY/
EXCESSIVE FORCE AND THREATS OF VIOLENCE AT
PLAINTIFF'S HOME-SCHOOL-BUSINESS PROPERTY;
UNLAWFUL INTERROGATION AND INTIMIDATION OF
MINORS ON PLAINTIFF'S HOME-SCHOOL-BUSINESS;
SEXUAL MISCONDUCT OF POLICE OFFICER WITH MINOR AT
PLAINTIFF'S HOME-SCHOOL-BUSINESS PROPERTY;
CONSPIRACY TO OPPRESS; OBSTRUCTION OF JUSTICE;
DAMAGES FOR WRONGFUL ACTS; ATTORNEY'S
FEES AND/OR DEFENDING COSTS; DECLARATORY RELIEF

**FILED**
ASHEVILLE, N.C.

MAR 1 1 2019

U.S. DISTRICT COURT
W. DIST. OF N.C.

**Hand-Delivered**

DELTA WALSH, Pro Se, Individually,
      Plaintiff,
Post Office Box 208
Mars Hill, North Carolina 28754
(828) 450-8073

vs.

FORREST GILLIAM, COUNTY MANAGER
FOR MADISON COUNTY, AND JOHN DOE
SURETY INSURANCE COMPANY, (believed to be
"WESTERN SURETY COMPANY")
in his individual and official capacities;
107 Elizabeth Lane
Post Office Box 579
Marshall, North Carolina 28753
(828) 649-2854; and

JAMES "BUDDY" HARWOOD, AND JOHN
DOE INSURANCE COMPANY, ("WESTERN SURETY
COMPANY"), in his individual capacity, and in his
official capacity as Sheriff of Madison County;
348 Medical Park Drive
Post Office Box 998
Marshall, North Carolina 28753
(828) 649-2721; and

BOBBY GOSNELL, AND BOBBY GOSNELL TRANSPORT,
in his individual capacity, and in his professional capacity as a
deputy officer employed by the Madison County
Sheriff's Department on March 11, 2016
Madison County Sheriff's Department
Post Office Box 998
Marshall, North Carolina 28753
92 Hassel Rice Drive
9648 Highway 23
Mars Hill, North Carolina 28754
(828) 712-5901; and

JOHN DOE DEPUTY SHERIFF, (appeared as letter "J" on
his name I.D.) AND JOHN DOE SURETY INSURANCE
COMPANY, ("WESTERN SURETY COMPANY")
in his individual capacity, and in his professional capacity,
as a law enforcement Deputy officer employed by the
Madison County Sheriff's Department on March 11, 2016
Madison County Sheriff's Department
Post Office Box 998
Marshall, North Carolina 28753; and

JOHN DOES, MARY DOES, as yet unknown, and others unnamed,

        Defendants.

I.   INTRODUCTORY STATEMENT

The Plaintiff, named above, complains to this Court that the individuals named as Defendants in the above caption, along with other unnamed co-conspirators, some known, but unnamed, and others, as yet unknown, charges that on March 11, 2016, she, (her landscape business employee, Frank Gooden), and two of her minor children, to-wit: R.W. and W.W. , (unnamed in the above action), were

2

injured in their persons and property, and were discriminatorily deprived of the right to the equal enjoyment of rights, privileges, and immunities guaranteed to them as citizens under the Constitution and laws, and including their express right to be secure in their persons and property; the home-school, and business property. Plaintiff states that, as a continuing invidious, anti-civil rights conspiracy, and as a pattern of retaliation against Plaintiff, and reckless disregard of her rights, property, school, and home-based businesses by the above-named Defendants, and others;

that she (and the unnamed parties described above), were harassed, threatened, intimidated, and placed in direct threat of fear, and imminent danger at Plaintiff's home-school-business on March 11, 2016, and, (not including admitting to spotlighting home on or around January 02, 03, 2016), by deputy officers, Bobby Gosnell and John ("J")Doe criminally trespassed on her posted/registered property, which said premises serves as her home, school, and landscape business, located at 1144 Fred Holcombe Road, Mars Hill, North Carolina 28754 dressed in full officer uniform and side arm; and the back-up, unknown John Doe deputy officer in full uniform. Neither officer had a warrant or official service of process papers; and upon information received from contacting the Sheriff's Department, neither officer had been dispatched to Plaintiff's home-school-business; further stating, "Ms. Walsh, I assure you that there was no deputy dispatched to your house, or any house near there."

In 2005, Plaintiff registered her home with the State of North Carolina the official name being, "Christian Learning School". Plaintiff also has a domestic cleaning and landscape business which she operates from the same home and property location on Fred Holcombe Road.

Plaintiff also alleges that the Defendants, Bobby Gosnell, the John("J") Doe officer, Dewain Mackey, (unnamed at the current time), and others as yet unknown), operated together in a pre-designed, corrupt and illegal scheme, singled her out, and targeted her, under Color of Law, having engaged in an unlawful invidious discriminatory anti-civil rights conspiracy.

The described conspiracy set forth in this Complaint began at a time prior to January 01, 2005, has Page 4, continued, Walsh v County of Madison, et al.

3

been allowed to continue by Defendants, Forrest Gilliam County of Madison, Defendant Sheriff Harwood, and continues up to and beyond the filing of this Complaint, with specified dates, incidents, and Overt Acts. Moreover, as a co-equal objective of the unitary conspiracy set forth herein, Plaintiff charges that the Defendants, Bobby Gosnell, the John Doe officer, their co-conspirators, and others, as yet unknown, undertook actively to operate secretly so as to conceal and/or cover-up the pre-designed plot of the unlawful acts undertaken by them, pursuant to the unlawful objectives of the conspiracy; said concealment continuing up to and beyond the filing of this Complaint.

The Plaintiff charges that she was, and is, being targeted and singled out, and, thus injured in her person and property, (and her minor children), by the unlawful criminal conspiracy described in this Complaint, and along with an ongoing pattern of continued harassment and activity of the unlawful acts committed. Plaintiff is prominently known by the Defendants, who have a personal and political agenda against her; whereas, she has filed prior litigation, such as a prior Civil Rights Complaint against Sheriff/Defendant Harwood, various deputies, Dewain Mackey, and other co-defendants, in Civil Action 1;11 CV-MR-DCK, AMENDED and filed on February 17, 2012. (Plaintiff dismissed said action during case appeal in the Fourth Circuit from undue duress, when she received threatening statements from two separate defense attorneys, and discovered that she could not successfully argue her case based upon corruption; whereas she discovered on appeal that she had not received certain vital pleadings from defense attorneys, or from the Clerk's Office of Federal Court).

More importantly, Plaintiff points out that Dewain Mackey is likewise retaliating against her, (and her family, et al.), thus, manipulating law enforcement to his advantage, under Color of Law, and exploiting whomever and whatever means he can dream up to continue to harass and intimidate her, and her children, in light of the fact that subsequent to the filing of the aforementioned civil rights complaint, he was removed from his prestigious position as Vice President of the Madison County

Page 3, Continued, Walsh v County of Madison,

Planning Board, (as were all the Madison County Planning/Zoning Board members), and, thus replaced with new board members. This well describes the reason and motives of targeting Plaintiff with wrongful acts of discrimination. Likewise, other co-defendants in the aforesaid civil rights action described, were either removed and/or dismissed, transferred to various other positions, etc. Unfortunately, the sheriff deputies/Defendants were ready, able, and willing to jeopardize their professional positions, violate their oaths of office, and react in a criminal and unlawful manner to violate the civil rights of others, and act in a criminal manner – only to appease their openly-declared "Mackey" friend – whom, along with his cohorts, who have a pattern of a negative and spiteful agenda against the targeted Plaintiff, (and her children),

The bedrock of this multi-count civil rights conspiracy is, then, a Title 42, United States Code, Section 1985 (c) Federal Civil Rights Complaint demanding civil money damages for the injuries inflicted upon Plaintiff by the Overt Acts undertaken pursuant to a class-based, invidious, discriminatory anti-civil rights conspiracy, which is declared to be criminal under Title 18, Section 241, United States Code.

The nature and details of this conspiracy are set forth herein, as is a description of the targeted Plaintiff, as well as a description of the Overt Acts undertaken, pursuant to the unlawful objectives of the conspiracy by the Defendants, unnamed co-conspirators, and others as yet unknown, the lawful rights violated, under Color of Law, and all necessary elements to support a Title 42, Section 1985 (c) Complaint.

In addition to containing a Title 42, Section 1985 (c) Complaint, this Complaint contains a Title 42, Section 1981 Count, charging an express political, business, personal and/or corrupt motive underlying the conspiracy charged.

Thirdly, this Complaint contains a Title 42, United States Code, Section 1983 Count, charging that the Defendants, in their official, and/or professional capacities, under Color of Law, willfully violated their

Page 6, Continued, Walsh v County of Madison, et al.

5

oaths of office promising to uphold and to protect rights, and did so with reckless disregard for rights

and property, guaranteed under the Constitution and laws, by

and through their willful participation in the charged, invidious, discriminatory anti-civil rights

conspiracy.

Fourthly, this Complaint contains a Title 42, United States Code, Section 1986 Count, charging that the

Defendants had knowledge of the criminal activity, but failed to aid, and/or prevent the unlawful

conspiracy; so as to suppress evidence and/or conceal the criminal activity and wrong-doing.

In Count V of this Complaint, Plaintiff requests this United States District Court to exercise its pendant

jurisdiction over certain North Carolina State causes of action, which arose against the Defendants out

of the same basic set of facts which give rise to the Federal cause of action, and which constitute the

basis of Plaintiff's Federal Complaint against the Defendants named in this case.

II. JURISDICTIONAL STATEMENT

The jurisdiction of the United States District Court for the Western District of North Carolina is

invoked under Title 42, Section 1985(c), as well as under Title 42, United States Code, Sections 1981,

1983, 1986, and 1988. Jurisdiction is likewise invoked under the Judicial Code, Title 28, United States

Code, Sections 1331 and 1343 (1),(2),(3), and (4); as well as under 1651, 2201 and 2202. Jurisdiction

is also invoked under the First, Second, Fourth, Fifth, Eighth, Eighth, Ninth, and Fourteenth

Amendments to the United States Constitution. The pendant jurisdiction of the Court is invoked to

grant relief under North Carolina State Law.

The amount in controversy exceeds $10,000 per Plaintiff for each Count in this Complaint, exclusive

of costs and interest.

III. PARTIES

1. Plaintiff Delta Walsh, at all times relevant to this Complaint, resides at 1144 Fred Holcombe Road,

Page 7, Continued, Walsh v County of Madison, et al.

6

Mars Hill, North Carolina 28754. She is a natural-born citizen of the United States of America. Her place of residence is registered with the State of North Carolina to serve as a business location for a home-based school, being registered as "Christian Learning Center", as well as a residential/commercial cleaning business, and a landscape business.

2. Defendant Forrest Gilliam, at all times relevant to this Complaint, (upon information and belief), held the position as County Manager, for COUNTY OF MADISON;

3. Defendant Sheriff James (Buddy) Harwood, at all times relevant to this Complaint, help the position as Sheriff of County of Madison;

4. Defendant Bobby Gosnell, at all times relevant to this Complaint, was employed by Defendant Harwood, and Defendant County of Madison, as a deputy sheriff;

5. Defendant John ("J") Doe, at all times relevant to this Complaint, was employed by Defendant Harwood, and Defendant County of Madison as a deputy sheriff

6. Defendants John Does, Mary Does, as yet unknown, and others unnamed.

IV     STATEMENT OF FACTS

Plaintiff states that at a time prior to 2005, up to and including January 01, 2016, March 11, 2016, and continuing up to and beyond the filing of this Complaint, that the Defendant Forrest Gilliam, Madison County Manager, (and his predecessors, Garrison and Lamberson), and Defendant James "Buddy" Harwood, Sheriff of Madison County, have demonstrated a pattern of unethical and illegal conduct by willful and/or negligent failure and/or reckless disregard to properly screen, hire, train and supervise certain deputy sheriff officers; thus, creating an extremely dangerous and hazardous situation for the citizens of Madison County; as with Defendant deputies herein, Bobby Gosnell and John "J" Doe and others, as yet unknown. Moreover, Defendant Gilliam and Defendant Harwood have failed to return Plaintiff's telephone calls to discuss wrongful and illegal acts committed by said officers/Defendants.

Page 8, Continued, Walsh v County of Madison, et al.

7

Defendants Gilliam and Harwood have further negligently failed to perform their duties; to oversee and supervise employees, as to their professional conduct in upholding the law and enforcing the equal rights of Madison County citizens, as in Plaintiff's case.

Plaintiff (and her children, employees, et al.) have unjustly encountered numerous incidents of harassment, unlawful arrests, home invasion, etc. on their her home property, which likewise serves as a registered home-based school, as well as a home-based cleaning/landscape business.

(Reference is also made to Civil Action No. 1:11 CV 00321-MR-DCK, Walsh, et al., v Dewain Mackey, et al., filed February 12, 2012, to explain more details).

In the evening hours of March 11, 2016, the Defendants, Deputies Gosnell and John Doe, hereinafter referred to as officer "J", willfully trespassed upon Plaintiff's posted/registered private property located at 1144 Fred Holcombe Road, Mars Hill, North Carolina; said property serving as a registered home-based school, as well as a location for two separate home-based businesses, namely: a residential/commercial cleaning business, and a landscape business. The Plaintiff also resides there with three (3) minor children, whom she home schools. She has several employees, including a male employee by the name of Frank Gooden, who has also been injured by the wrongul acts described. Upon information and belief, the following evening events of March 11, 2016 occurred:

Frank Gooden was at Plaintiff's residence child sitting a few hours with two minor children, to-wit: R.W. and W.W.. Frank Gooden responded to a knock on the front door. Officer "J" was standing outside the door, armed, and in full uniform, and asked, "Are you Frank Gooden?" Gooden identified himself, and Officer "J" immediately handcuffed him and told him that he had a warrant for his arrest. Then Officer Gosnell appears from the corner of the house with an aimed firearm in place, in a loud intimidating voice, "I thought you'd come out with guns blazing!" Gooden replied,"we have no guns." Gosnell pushed and shoved Gooden, while handcuffed, inside the house from the front porch/deck to a

chair in the living room, as conducted himself as though Gooden was a violent criminal. Defendant Gosnell then instructed Officer "J" to "shoot him if he moves!"

Meanwhile, Gosnell is rambling through Gooden's wallet, and apparently took away and removed his Government issued, Department of Defense Contractor's card. Gosnell started asking in a loud, demanding tone of voice, "where are all those assault weapons and explosives?" Officer Gosnell walked through Plaintiff's house opening cabinents and slamming doors; opening and slamming drawers, aand throwing clothing everywhere; kicking over a cat litter box; and yelling in a loud tone over and over, traumatizing said minor children, and demanded to know where the guns were hidden. Plaintiff expressly points out that there was no warrant produced for Gooden's arrest, or in hand to serve by the officers; yet officer ("J") officer took Gooden into police custody, without a warrant, and turned him over to the Buncombe County Sheriff's Department, who could also not produce a warrant for his arrest. Gosnell continued questioning the minor children, R.W. and W.W.. demanding to know where the assault rifles and explosives were. They told him there were no guns. He accused the minor children of lying about not having any guns. After Officer "J" left with Frank Gooden in custody, Officer Gosnell followed minor child, W.W. to the bathroom, and stood at the doorway looking inside the bathroom toward said child's private area as he urinated. Minor child, R.W. asked officer Gosnell what he was doing, whereas, he replied that he was making sure that he, (W.W., a 9-year old minor child), did not flush any drugs down the toilet.

Plaintiff expressly points out that she had no guns, explosives, or drugs on her property; and, if any are ever "discovered" there, it will be because someone with a spiteful agenda planted them!

Officer Gosnell also made his brags to said minor children by stating to them that it was he who "spotlighted" inside Plaintiff's home on or around January 2,3, 2016, as he was leaving Dewain Mackey's property, and passing through her driveway.

Page ~~10~~ 9, Continued, Walsh v County of Madison, et al.

Upon Plaintiff's arrival home, she reached out her hand to shake Officer Gosnell's hand, to introduce herself, and he demeaningly stated, "I ain't ' shaking your hand!" At that time, Mandie Sluder reached out her hand to shake Plaintiffs and introduce herself, as she just arrived a few minutes earlier. Ms. Sluder informed Plaintiff that she was a supervisor, employed by Madison County Department of Social Services, stating to Plaintiff that Officer Gosnell had called her and requested her assistance at Plaintiff's home, as more harassment, intimidation, and indignity, and in furtherance of the invidious, anti-civil rights conspiracy alleged. Ms. Sluder displayed very professional conduct, while Officer Gosnell remained at Plaintiff's home, commenting with degrading verbal insults against the targeted Plaintiff, including, but not limited to: "low life piece of shit"; "low life piece of trash"; "you suck at both businesses"; "you suck at motherhood!"

During Officer Gosnell's visit, he went several times back and forth to his vehicle and appeared to be talking and exchanging information on the telephone, being overheard talking to a "Dewain". Telephone records would likely confirm that the calls were made from his private cell phone number, (828) 712-5901 to alleged co-conspirator, Dewain Mackey's cell phone number, (828) 712-6225.

Plaintiff asserts that the above-described wrongful conduct and illegal acts of the Defendants have caused her, (her children, and Frank Gooden), irreparable harm, emotional trauma, mental anguish, fright, worry, humiliation, and indignity, and fear of being safe and secure in the home and property - without POLICE PROTECTION in the County of Madison, in violation of the Fourth Amendment.

In furtherance of the described conspiracy, Plaintiff sets forth the following numerous Overt Acts committed by one or more of the Defendants, including, but not limited to the following:

1. Engaged in efforts, illegally, with malice, aforethought, and while operating under the Color of Law;

2. Abused their positions to harass, intimidate, belittle, place in imminent threat of fear and danger; indignify, and injure Plaintiff;

3. Illegally trespassed upon posted/registered property where home-school-businesses are located;

Page 10, Continued, Walsh v County of Madison, et al.

4. Used excessive force and police brutality by entering upon Plaintiff's property to harass and arrest a business employee, in the absence of a warrant in hand or on file;

5. Traumatized Plaintiff and minor children by unauthorized invasion of privacy of their home, home-based school, and businesses; and did, arrogantly and demeaningly, degraded and indignified the Plaintiff in the presence of her minor children;

6. Sexual misconduct and intimidation of minor, W.W.; whereas he watched him as he urinated in the bathroom; commenting that he, the 9-year-old child, might flush drugs down the toilet;

7. Made constant degrading remarks and comments to Plaintiff while on her premises;

8. Officer/Defendant refused to leave Plaintiff's premises, after Mandie Sluder advised him he could leave at least three (3) or more times;

9. Engaged in efforts, illegally, to deter, hinder, impede and/or obstruct the due course of Justice, by their negligent failure to perform their duties in accordance with the law;

10. Participated in the planning, execution, and/or cover-up of the described conspiracy;

11. Violated Plaintiff's Constitutional Rights to uphold, support, and defend the Constitution and Laws, showing willful and reckless disregard regard for the infringement of rights and property.

12. Harassed, intimidated, taunted, tramatized, insulted, indignified, and degraded Plaintiff (and said minor children) and placed Plaintiff in inimminent danger, and in threat of fear, by the excessive force and brutality used;.

13. Officer Gosnell stated to said minor children that Frank Gooden was a dangerous and violent criminal, while taunting and thus, traumatizing them;

14. Engaged in conduct unbecoming to law enforcement officers, who have a sworn duty to protect persons and property, and uphold the law pursuant to a lawful and professional standard of conduct; Plaintiff expressly points out that when speaking to Coy Phillips, at the Madison County Sheriff's

15. Placed Plaintiff in fear of owning a firearm and enjoying her Second Amendment Rights.

Page 12, Continued, Walsh v County of Madison
11

Office, Mr. Phillips informed her that there were no deputy officers dispatched to the residence of Plaintiff, or to any home nearby.

The Overt Acts undertaken by the Defendants, and unnamed co-conspirators, pursuant to this invidious, discriminatory anti-civil rights conspiracy resulted in injuries to person and property; and resulted in discriminatorily depriving Plaintiff, (her minor children and employee), to the Equal Protection of the Laws, and the right to the enjoyment of the rights, privileges, and immunities guaranteed by the Constitution and Laws. The Overt Acts provided above apply to the Plaintiff named herein.

## COUNT I
## TITLE 42, SECTION 1985(c), U. S. C. VIOLATION

1. The assertions of fact set forth herein are incorporated by reference.

2. It is expressly asserted that the illegal acts and criminal activity described were undertaken by the Defendants, and other unnamed co-conspirators, and others, as yet unknown; and were undertaken pursuant to an unlawful conspiracy to discriminatorily deprive Plaintiff of her right to the Equal Protection of the Laws; her right to the Equal Enjoyment of Rights, Privileges, and Immunities as a citizen of the United States by the Constitution and Laws.

3. It is expressly asserted that the "rights, privileges, and immunities guaranteed to American citizens by the Constitution and Laws," are thus, protected against purely private conspiracies by Title 42, Section 1985 (c) U. S. C.

4. That the Defendants are sued under Count I exclusively in their purely private capacities; such being authorized under the authority of the United States Supreme Court, in Griffin v Breckenridge, 401, U. S. 88, 91 S Ct.1790 (1971).

## COUNT II
## TITLE 42, SECTION 1981, U. S. C. VIOLATION

1. The assertions set forth are herein incorporated by reference.

Page 1̶3̶, Continued, Walsh v County of Madison, et al.
12

2. The conspiracy set forth in this Complaint is an unlawful criminal conspiracy to deprive citizens, (PLAINTIFF) of her right to the full and equal benefit of all the laws, thus, constituting a cause of action under Title 42, Section 1981, U. S. C.

3. That the Defendants named in the above caption, are sued under Count II, solely in their purely private capacities.

## COUNT III
## TITLE 42, SECTION 1983 U. S. C. VIOLATION

1. The assertions of fact are herein incorporated by reference.

2. It is expressly asserted that the Defendants – over and above their previous pleaded participation and conduct taken in their purely private capacities, also undertook identical activities in their official and/or professional capacities.

3. The Defendants, and others unnamed and/or unknown, acting in their official and/or professional capacities, and in their individual capacities, directly violated Plaintiff's rights, under the authority of Color of State Law. To the equal protection of the laws, under the First, Second, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution, and violation of various Civil Rights Laws.

4. The Plaintiff, therefore, demands Declaratory and Injunctive Relief, in addition to monetary relief against the Defendants.

## COUNT IV
## TITLE 42, SECTION 1986 U. S. C. VIOLATION

1. The assertions of fact set forth herein by reference.

2. It is expressly asserted that the Defendants possessed kmowledge of the Section 1981, 1983 and 1985 anti-civil rights conspiracy to discriminatorily deprive Plaintiff of one or more of her rights and of the equal protection of the laws.

3. The Defendants, and others, acting in official, professional, and individual capacities, were in a

position to aid and/or prevent the criminal activity, but willfully failed and/or refused to take any steps whatsoever to stop the unlawful conspiracy. Likewise, the Defendants, Gilliam and Harwood negligently failed to supervise the Defendant officers and their activities, so as to keep Madison County residents and their properties safe and secure in the interests of public safety, and the due course of Justice;

4. It is expressly asserted that the Plaintiff in this case suffered, and continues to suffer the discriminatory deprivation of her rights, as a result of the Defendants' active participation in the described conspiracy, and the reckless disregard of the targeted Plaintiff.

## COUNT V

In addition to the foregoing claims, under the Constitution and the Civil Rights Acts, the Plaintiff also brings before the Court a series of Tort claims, pursuant to the doctrine of pendant jurisdiction, and demand Judgment under the Laws of the State of North Carolina for:

1. CONSPIRACY TO OPPRESS, under Color of Law, whereas, the Defendants, and others, as unnamed, and as yet unknown, did conspire for the purpose of injuring Plaintiff in her person, property, home-based school, and businesses;

2. OBSTRUCTION OF JUSTICE, whereas, the Defendants conspired to violate Plaintiff's civil rights, under Color of Law, with the intent and purpose to injure her in her person, property, school, and business; and conspired for the purpose to hinder, impede, and/or obstruct the due course of Justice; acted with reckless disregard and negligence, and willful failure to perform their duties justly, and enforce the law equally; and protect the citizens from deadly and dangerous unjustified intrusions and home invasions;

3. CRIMINAL TRESPASS ON PRIVATELY POSTED/REGISTERED PROPERTY, for the sole purpose to inflict harm and injury, whereas, Plaintiff's property is not only a residence, but a registered home-based school, and two home-based businesses.

Plaintiff has been violated by the unlawful home invasion by the Defendant officers, Gosnell and "J". having no legal justification to be there; just to serve an agenda for Officer Gosnell's, openly-admitted, "Dewain Mackey friend," who also holds a spiteful vendetta against the targeted Plaintiff;

4. ABUSE OF SERVICE OF PROCESS, whereas, Defendant Officer "J" advised that he had a warrant for the arrest of Frank Gooden, and there was no warrant to be served; said wrongful acts committed so as to harm, injure, harass, intimidate and invade Plaintiff's rights and property;

5. MISCONDUCT IN PUBLIC OFFICE, where the law enforecement deliberately and purposely violated the law whereas, the Defendants did conspire together with intent to injure Plaintiff in her person, property, school, and home-based businesses, and did discriminatorily deprive her of one or more of her rights, privileges, and immunities while working under the Color of Law.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, for all of the above violations, under both State and Federal Laws, and under the Constitution and Civil Rights Acts, the Plaintiff demands judgment against the Defendants as follows:

a. Plaintiff, DELTA WALSH, demands judgment under the Constitution, the Civil Rights Laws, Federal and State Laws for actual, substantial, and punitive damages as follows:

1. Plaintiff demands judgment from the Defendant, County of Madison and County Manager, Forrest Gilliam, in the total sum of Five Million ($5,000,000.00) Dollars; (for the approximate 15 years that Plaintiff has been forced to endure said wrongful acts, and the pattern of no administrative action taken, so as to prevent the numerous illegal acts of County officers, and others, from re-occurring;

2. Plaintiff demands judgment from the Defendant, Sheriff James "Buddy" Harwood, in the total sum of One Million Dollars, ($1,000,000.00);

3. Plaintiff demands judgment from Defendant, Bobby Gosnell, and d/b/a Bobby Gosnell Transport, in the total sum of One Million Dollars, ($1,000,000.00);

4. Plaintiff demands judgment from the Defendant, John ("J") Doe in the total sum of One Million Dollars, ($1,000,000.00);

b. PUNITIVE DAMAGES

The Plaintiff demands punitive damages from the various Defendants.

c. ATTORNEYS' FEES AND DEFENDING COSTS

The Plaintiff seeks the cost of this action, and any Attorney's fees, and/or defending costs/fees, and all related costs be taxed against the Defendants.

d. DECLARATORY AND INJUNCTIVE RELIEF

The Plaintiff request that this Honorable Court specifically determine certain of her rights against the Defendants, and to enter such determinations on record as Declaratory Judgments in this case; and to issue Injunctions against continuing unlawful actions, such as those previously committed, and described above.

e. That the Defendants, Bobby Gosnell and John ("J") Doe be stripped of all law enforcement credentials permanently, and forbidding them from acting in such professional positions of authority and capacities where firearms and public safety of others are involved;

f. TRIAL BY JURY on all Counts

Respectfully submitted, this the 11th day of March, 2019.

*Delta Walsh*
Delta Walsh, Plaintiff, Pro Se
Post Office Box 208
Mars Hill, North Carolina 28754
(828) 450-8073

DECLARATION UNDER PENALTY OF PERJURY
The undersigned declares under penalty that she is the Plaintiff in the above action; that she has read the Complaint; and that the information contained therein is true and correct to the best of her knowledge and belief. This the 11th day of March, 2019.

*Delta Walsh*
Delta Walsh

Page 17, Continued, Walsh v County of Madison, et al.
16

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has on this _____ day of _____, 2019, has served a copy of the foregoing COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS or service of process personally upon each Defendant personally, with the exception of John ("J") Doe; and a copy will be personally served to Attorney of record for Madison County, Donnie Laws, Attorney At Law 131 East Main Street, Burnsville, North Carolina 28714, (828) 682-9645:

Forrest Gilliam
County Manar Madison County
107 Elizabeth Lane
Marshall, North Carolina 28753
(828) 649-2854

James "Buddy" Harwood
Sheriff of Madison County
348 Medical Park Drive
Marshall, North Carolina 28753
(828) 649-2721

Bobby Gosnell
c/o Madison County Sheriff Department
348 Medical Park Drive
Marshall, North Carolina 28753 or
92 Hassel Drive
Mars Hill, North Carolina 28754 or

Bobby Gosnell Transport
9648 Highway 23
Mars Hill, North Carolina 28754

John ("J") Doe
c/o Madison County Sheriff's Department
348 Medical Park Drive
Marshall, North Carolina 28753