IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 82

| | | |
|---|---|---|
| DELTA WALSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **FORREST GILLIAM**, County Manager for Madison County, in his individual and official capacities, **JOHN DOE SURETY INSURANCE COMPANY**, believed to be "Western Surety Company," **JAMES HARWOOD**, "Buddy" in his individual capacity, and his official capacity as Sheriff of Madison County, **BOBBY GOSNELL**, in his individual capacity, and his professional capacity as a deputy officer employed by the Madison County Sheriff's Department, **BOBBY GOSNELL TRANSPORT**, **JOHN DOE**, Deputy Sheriff (appeared as letter "J" on his name I.D.) in his individual capacity, and his professional capacity as a law enforcement deputy officer employed by the Madison County Sheriff's Department, **MADISON COUNTY SHERIFF'S DEPARTMENT, MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES**, **CONNIE M. HARRIS,** in her individual capacity, and her professional capacity as Director of the Madison County Department of Social Services, **MANDIE SLUDER,** or Mandy Sluder, in her individual capacity, and her official capacities, as social worker/ supervisor/employee of Madison County Department of Social Services, **DEWAIN MACKEY**, in his individual capacity, and in | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |

| | )|
|---|---|
| his professional capacity doing business as Mackey Farms, **JOHN AND MARY DOES,** as yet unknown, and others unnamed, | ) ) ) ) |
| **Defendants.** | ) ) ) |

This matter is before the Court on:

1. "Plaintiff Delta Walsh's Motion for Order to Compel Disclosures by Defense Counsel of Record" (Doc. 30) ("Motion to Compel") and

2. "Plaintiff Delta Walsh's Motion for Extension of Time to Answer or Otherwise Respond to Defendant Dewain Mackey's Pre-Answer Motions to Dismiss, Motions to Dismiss, and Answer to Dismiss Plaintiff's Amended Complaint" (Doc. 31) ("Motion for Extension of Time").

Both Motions are based on Plaintiff's desire to obtain information concerning the John Doe Defendants as well as other materials, including the personal cell phone records for certain Defendants. Plaintiff argues that she needs these materials in order to respond to the Defendants' pending Motions to Dismiss.

Plaintiff's Motion to Compel requests, among other things, that Defendants be ordered to produce these materials.

Plaintiff's Motion for Extension of Time seeks, among other things, a 30-

day extension of Plaintiff's deadline for responding to Defendant Mackey's Motion to Dismiss (Doc. 24).

Court-enforceable discovery in this matter has not commenced; the issues have not joined and early discovery has not been sought or authorized. See LCvR 16.1. Further, it is not apparent why Plaintiff requires the subject information in order to respond to Defendants' pending Motions to Dismiss. Accordingly, Plaintiff's Motion to Compel will not be allowed.

The Court will, however, extend her deadline for responding to Defendant Mackey's Motions to Dismiss so that it is aligned with her deadline for responding to the Motion to Dismiss by the other Defendants.

**IT IS THEREFORE ORDERED THAT:**

1. "Plaintiff Delta Walsh's Motion for Order to Compel Disclosures by Defense Counsel of Record" (Doc. 30) is **DENIED**.

2. "Plaintiff Delta Walsh's Motion for Extension of Time to Answer or Otherwise Respond to Defendant Dewain Mackey's Pre-Answer Motions to Dismiss, Motions to Dismiss, and Answer to Dismiss Plaintiff's Amended Complaint" (Doc. 31) is **GRANTED IN PART**, and

Plaintiff is allowed up to and including **August 12, 2019,** within which to respond to the Motions to Dismiss by Defendant Mackey (Doc. 24).

Signed: July 30, 2019

W. Carleton Metcalf
United States Magistrate Judge