RECEIVED Hand-Delivered
ASHEVILLE, N.C.

MAY 27 2020

Clerk, U.S. Dist. Court
W. Dist. of N.C.

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:19-cv-82-MR-WCM

Delta Walsh, Plaintiff, pro se, Individually,
Post Office Box 208
Mars Hill, North Carolina 28754

v.

Forrest Gilliam, County Manager for
Madison County, and John Doe Surety
Insurance Company; in his official and
individual capacities;
107 Elizabeth Lane
Post Office Box 579
Marshall, North Carolina 28753
(828) 649-2854


James "Buddy" Harwood, and John Doe
Insurance Company; in his individual
capacity, and in his official capacity as
Sheriff of Madison County;
348 Medical Park Drive
Post Office Box 998
Marshall, North Carolina 28753
(828) 649-2721


Bobby Gosnell, and Bobby Gosnell Transport
in his individual capacity, and in his
professional capacity as a deputy officer
employed by the Madison County Sheriff's
Department on March 11, 2016, and John Doe
Surety Insurance Company,
Madison County Sheriff's Department
Post Office Box 998
Marshall, North Carolina 28753
92 Hassel Rice Drive
9648 Highway 23
Mars Hill, North Carolina 28754
(828) 712-5901

**PLAINTIFF'S AMENDED COMPLAINT**
JURY TRIAL DEMANDED
DEPRIVATION OF CIVIL RIGHTS
DEPRIVATION OF CONSTITUTIONAL
RIGHTS; CONSPIRACY TO DEPRIVE OF
CIVIL AND CONSTITUTIONAL RIGHTS;
**COLOR OF STATE-COUNTY LAW**;
TARGETING PLAINTIFF (et al) AND
SINGLING OUT FOR DISCRIMINATORY
HARASSMENT; SEXUAL HARASSMENT
OF MINOR CHILD IN PLAINTIFF'S
HOME; SEXUAL MISCONDUCT OF
POLICE OFFICER WITH MINOR IN
PLAINTIFF'S HOME-SCHOOL-BUSINESS
DISCRIMINATORY POLICIES, CUSTOMS
AND PRACTICES; DISCRIMINATORY
PATTERNS OF COLLUSION; MALICIOUS
PROSECUTION; ATTEMPTED MURDER;
GENDER DISCRIMINATION; GENDER
HARASSMENT; GENDER THIRD PARTY
HARASSMENT; STALKING; SPYING;
INTIMIDATION; DENIGRATION; FALSE
REPORTS AND CLAIMS; BULLYING;
PSYCHOLOGICAL HARASSMENT;
DISCRIMINATORY HARASSMENT;
VINDICTIVE RETALIATION; MALICE;
ONGOING NUISANCES OF HOME AND
PROPERTY; CRIMINAL TRESPASS ON
HOME-SCHOOL-BUSINESS PROPERTY;
VERBAL THREATS OF VIOLENCE AND
VERBAL ASSAULT; EXCESSIVE FORCE;
UNWARRANTED ARMED INVASION OF
HOME-SCHOOL-BUSINESS PROPERTY;
FALSE ARREST AND KIDNAPPING;
UNWARRANTED SURVEILLANCE OF
HOME AND PROPERTY; SPOTLIGHTING
PLAINTIFF'S HOME/PROPERTY;
WARRANTLESS (ILLEGAL) SEARCH
AND SEIZURE OF PLAINTIFF'S HOME;
DELIBERATE INDIFFERENCE PATTERNS

1

Joshua Burchfield Deputy Officer, (appeared as letter "J" on his name I.D.), and John Doe Surety Insurance Company, in his individual capacity, and in his professional capacity, as a deputy officer employed by the Madison County Sheriff's Department on March 11, 2016;
Madison County Sheriff's Department
Post Office Box 998
348 Medical Park Drive
Marshall, North Carolina 28753
(828) 649-2721

County of Madison, in its official capacity, and John Doe Surety Insurance Company,
107 Elizabeth Lane
Post Office Box 579
Marshall, North Carolina 28753
(828) 649-2854

Madison County Sheriff's Department
in its official capacity; and John Doe Surety Insurance Company,
348 Medical Park Drive, Post Office Box 579
Marshall, North Carolina 28753
(828) 649-2721

Madison County Department of Social Services
in its official capacity, and John Doe Surety Insurance Company,
5707 US-25 D
Marshall, North Carolina 28753
(828) 649-2711;

Connie M. Harris, in her official and individual capacities, as Director of the Madison County Department of Social Services, and John Doe Surety Insurance Company,
5707 US-25 D
Marshall, North Carolina 28753
(828) 649-2711

Mandie or Mandy Sluder, in her individual and official capacities, as social worker/supervisor/ employee of Madison County Department of Social Services, 5707 US-25 D

UNLAWFUL POLICE INTERROGATION OF MINORS DURING UNWARRANTED HOME INVASION; POLICE BRUTALITY; INVASION OF PRIVACY; OBSTRUCTION OF JUSTICE; CONSPIRACY TO OPPRESS, INJURE, HARM, AND INTIMIDATE; INFRINGEMENT OF DUE PROCESS OF RIGHTS OF LIFE, LIBERTY,& PROPERTY; DENIAL OF EQUAL PROTECTION OF THE LAWS, INCLUDING PUBLIC POLICY LAWS; ABRIDGMENT OF FREE SPEECH, ABRIDGMENT OF "CHRISTIAN" FAITH/ RELIGION, & ABRIDGMENT OF THE RIGHT TO PEACEFULLY ASSEMBLE AT PLAINTIFF'S HOME & PROPERTY INFRINGEMENT ON PLAINTIFF'S RIGHT TO OWN & CARRY FIREARM; UNEQUAL ADMINISTRATION OF JUSTICE; CRIMINAL NEGLIGENCE AND RECKLESSNESS; CRUEL AND UNUSUAL PUNISHMENT; CONFLICT OF INTEREST; MALICIOUS ABUSE OF PROCESS; FEAR OF IMMINENT DANGER; MISAPPROPRIATION OF PUBLIC FUNDS BREACH OF FIDUCIARY DUTIES; VIOLATION OF ETHICS; DAMAGES FOR WRONGFUL ACTS; REQUEST FOR CEASE AND DESIST/PROTECTION; TERMINATION OF EASEMENT; ATTORNEY FEES AND DEFENDING COSTS; PUNITIVE & COMPENSATORY DAMAGES, INCLUDING 'COMPOUND' DAMAGES FOR MENTAL TORTURE; <u>DECLARATORY& INJUNCTIVE RELIEF</u>

2

Marshall, North Carolina 28753  (828) 649-2711

Dewain Mackey, in his individual capacity, and
Dewain Mackey, d/b/a Mackey Farms, in his
professional capacity,
1150 Fred Holcombe Road
Mars Hill, North Carolina 28753
(828) 712-6225

John Does, Mary Does, as yet unknown, and
others unnamed,
                    Defendants.

## I.    INTRODUCTORY STATEMENT

The Plaintiff, named above, complains to this Court that the individuals named as Defendants in the

above caption, along with other unnamed co-conspirators, some known, but unnamed, and others,

as yet unknown, charges that on March 11, 2016, she, (her landscape business employee, Frank

Gooden, and two of her minor children, to-wit: R.W. and W.W. ,unnamed in the above action), were

injured in their persons and property, and were discriminatorily deprived of the right to the

equal enjoyment of rights, privileges, and immunities guaranteed to them as citizens under the

Constitution and laws, and including their express right to be secure in their persons and property – free

from unwarranted, pre-meditated, violent armed invasions of her home, home-based (Christian) school,

and home-based business property.  Plaintiff states that in furtherance of a class-based, invidious,

discriminatory, anti-civil rights conspiracy between the Defendants, and others, and as a pattern of

gross negligence, discriminatory policies, customs, and practices, consisting of a 15-year period

**DELIBERATE AND RECKLESS INDIFFERENCE** of her rights, safety, protection, and property, it

has resulted in an ongoing continuation of a discriminatory pattern of intentional third-party "Color of

State-County Law" harassment and vindictive acts of retaliation, which will be discussed further under

the heading of  "IV. Statement of Facts". The prior acts of wrongful activity, and the continuation of

vindictive acts of gender harassment and gender discrimination has (and is) subjected Plaintiff to loss

3

of her **quality of life**, and her enjoyment of life with her children in her home and property; has created

intrusion and interference of home school studies, (including the free exercise of religious freedom,

associated with home studies in the "Lifepac and Rod and Staff" Christian-based curriculum); and

interference with her home-based businesses. As such, she has also been deprived of the free exercise

of her rights and property to be legally protected by Defendant Sheriff, and Sheriff's Department law

from constant interferences of serious criminal violations committed by his own officers; together with

trespass and intrusion of Mackey Farm animals roaming as large, and Defendant Mackey, stalking,

surveiling, taking pictures and acquiring tag numbers, noisy disturbances, nuisances, while traveling

back and forth on Walsh property - making numerous trips supposedly to his mail box. He has also

trespassed on adjoining posted property without consent, where he has been witnessed tampering with

articles, such as a yellow bike and red gas jugs in and around a private barn at 1046 Fred Holcombe

Road, removing firewood with his orange tractor – (without knowledge or consent of the Adam

Wegener owners, who reside in the Charlotte area) then delivering the firewood to his home--- by

crossing over Plaintiff's lands via a driveway right-of-way deeded easement. In light of Mackey's

numerous attempts to cause mayhem to Plaintiff, and her children, there is also reason to believe that

his *underlying motive* using said barn is to be used as a point of attack – since it is located just off the

paved access road, is very private, and mainly, if an armed attack, or injury should occur from that

point, it would not only block Plaintiff's vehicle, it would divert any investigation away from Mackey's

property and Plaintiffs. Furthermore, Mackey has a personal advantage, whereas, he is aware that he is

shielded by protection of local law, with *preferred* representation and funding, County of Madison,

its departments and agencies, former County Attorney, Larry Leake, where **numerous conflicts of**

**interest** exist – just to protect and defend Defendant Mackey, including a paper trail of evidence of

purposeful misappropriation of public funding, associated with the appearance of ethics violations –

which reveals a pattern of discrimination and prejudice toward Plaintiff- by funding a change of venue

4

in (**08-CR-729, 732**); influencing the court with undue influence to get criminal charges dismissed;

compromising criminal charges by preventing court action; actively participating in the false arrest of

Plaintiff and trumped-up charges of malicious prosecution (**10-CR-050414**); obstructing criminal

charges from being initiated against him for the brutal and horrific shooting of Duke, Walsh and her

children's 4-month old puppy)- always placing Mackey's personal interests above the law – and above

Plaintiffs, and others; while having *reckless disregard* and *deliberate indifference* for Plaintiff's rights

and property, and the willful failure to protect Plaintiff and her children from Mackey's intrusions.

This, and the described conspiracy, and related criminal activity, and wrongful acts set forth herein

have forced Plaintiff to deal with years of mental anguish, emotional distress, stress and lack of peace

of mind (daily/nightly) from constant, intimidating gender harassment, and a persistent fear of threat of

*imminent* danger and bodily harm to her, and to her (minor) children.

Moreover, the Defendants, Gilliam, Harwood, and Harris, named herein, are in a position of authority

which grants to them specific official powers over their officers, employees, and agents to properly

screen, ***train***, supervise, govern, and discipline to ensure that they are upholding the law; and protecting

citizens' *constitutional* rights from abuse of abridgment and infringement; and to ***equally enforce*** said

laws, in accordance with their sworn oaths; in addition to the *willful participation* in violations of

policies, guidelines and operating procedures; and evidence to believe that these various Defendants,

and others, *violated their Code of Ethics* governing the standards of professional conduct by their

*Deliberate Indifference* and *reckless disregard* of Plaintiff's rights in enforcing the law. These

Defendants knew, or should have known of the "malicious abuse of process" and the resulting

discriminatory, and wrongful acts committed by the Defendants/ officers, Gosnell and Burchfield, and

Mandy Sluder, social worker. Due to his and/or her active *participatio*n, failure to act, or gross

*negligence*, they have caused or *created* a stressful and uncomfortable home and property environment

– under *Color of State-County Law* -which has been proven **not** to be safe and secure from uninvited,

5

unwanted and unwarranted intrusions, armed invasions, forcible entry, and stalking and third-party surveillance, infringement, and acts of gender harassment. Thus, the Defendants, County of Madison and Gilliam; Defendants Sheriff Department and Harwood; and Defendants, Madison County Department of Social Services and Harris, have intentionally acted with **deliberate and reckless indifference** of Plaintiff's rights and property; and have shown that they have a serious and major *deficiency* in their policies, customs, and practices of *law enforcement training* by subjecting Plaintiff to conduct that occurred under *Color of State-County Law*; while being in official positions of power and authority to prevent- and have negligently failed to adequately *train* and *supervise* said Defendants officers/ employees in accordance procedure operating guidelines. Adequate training and supervision would likely have **prevented** the furtherance of a class-based, invidious, discriminatory, anti-civil rights conspiracy; in addition to the criminal conspiracy devised between the officers, Mackey, and others; unwarranted armed home invasion, whereas their professional, outrageous **conduct** was such that it '*shocked the conscience* and *offends the community's sense of fair play and decency.*' The Deliberate and Reckless Indifference conduct under Title 42, United States Code, Section 1983, and the Due Process clause pursuant to the Fourteenth (14th) Amendment, subjected Plaintiff to: **1**) conduct that occurred under *Color of State-County Law, and Color of Authority*; and **2**) This conduct **deprived** Plaintiff of rights, privileges, or immunities guaranteed under federal law or the United States Constitution. Thus, the Defendants, Gilliam, Harwood, and Harris negligently failed to exercise their power of authority to properly train their officers/employees, which could have prevented such horrific abuses of Invasion of Privacy against Plaintiff, her children, Frank Gooden, and of the home and property; in addition to the many hours that this paperwork project consists of **15-years** and has consumed Plaintiff's time and attention, thus, creating complete exhaustion in this attempt to seek Justice, relief, and just compensation for the wrongful acts committed and the laws violated.

The described conspiracy began at a time prior to January 1, 2005, March 11, 2016; and continues up

6

to, and beyond the filing of the Complaint, filed on March 11, 2019, and the foregoing Amended

Complaint filed herein. Plaintiff asserts that on March 11, 2016, Madison County deputy officers, and

Defendants, Bobby Gosnell, and Joshua Burchfield criminally trespassed on her posted/registered

property, being her home, which likewise serves as homeschool and home-based business property as

well, located at 1144 Fred Holcombe Road, Mars Hill, North Carolina. The criminal trespass described

was unwarranted, unauthorized, and pursuant to collusion with Defendant, Dewain Mackey, under

**Color of Law**, in *continuation*, and in *furtherance* of a discriminatory pattern of a class-based,

invidious, anti-civil rights conspiracy against the Plaintiff, which will be explained more below.

Plaintiff makes reference to several attached **Exhibits** below for explanation:

> ➢ **Plaintiff's Exhibit #1a,1b,1c,1d &1e**, makes reference to her property deeds, Deed Book 270, pgs. 191,192,193; and Deed Book 554, pgs. 110,111, which shows proper ownership (along with including a driveway right-of-way easement clause) and the date of purchase;
> ➢ **Plaintiff's Exhibit 2a,2b** shows a copy of Plaintiff's posted/registered property sign, listed in Madison County Register of Deeds, Page 491, dated January 29, 2001;
> ➢ **Plaintiff's Exhibit 3a,** shows the existing driveways on Plaintiff's property, and **3b** shows the 'gated' entry into Defendant Mackey, dba Mackey Farms from Plaintiff's property;
> ➢ **Plaintiff's Exhibit 4** shows the name, county and registration of home school name of *Christian Learning Center - MCDONPE, License No.: 56531;*
> ➢ **Plaintiff's Exhibit 5** makes reference to Plaintiff's home-based *"Busy Bee"* business services,

Plaintiff asserts that said criminal trespass was a premeditated stake-out between Defendants Gosnell,

Burchfield, Mackey, and others, to conduct an armed home invasion, (without a warrant) with a pre-

designed plan to falsely arrest and remove Frank Gooden, together with confiscation of alleged illegal

guns, drugs, and explosives. To their demise, there were no guns, explosives, or drugs inside the home

or on the perimeter of the property. Nor did the officers/Defendants have *process of service* to *invade*,

*search*, or *seize* anyone or anything from Plaintiff's home. Plaintiff emphasizes that this was an evil

scheme and unlawful attempt to *slander and defame* her good name, harass and intimidate her, and

place her and her children in direct threat of fear and imminent danger, in view of a pattern of prior-

related incidents discussed below, including Officer Gosnell boasting about *spotlighting* in to Plaintiff's

home and on her property, or around January 01, 02, 03, 2016, after exiting from Defendant Mackey's

property in a law enforcement vehicle onto Plaintiffs private driveway, **Exhibit # 3a.**

7

After forcibly handcuffing, falsely arresting, kidnapping Frank Gooden, and removing him in to

police custody of Officer Burchfield, Officer Gosnell was left at the home with Plaintiff's minor

children, to wit: R.W. and W.W., following W.W. to the bathroom, watching him as he urinated.

According to R.W., after questioning Officer Gosnell as to what he was doing, he replied that he had to

make sure he (W.W.) "did not flush any drugs down the toilet." This act constitutes the offense of

*sexual misconduct of a minor*; and *gender sexual harassment* of a minor child!.

Officer/Defendant Gosnell, not only participated in *third-party* gender harassment with Dewain

Mackey; but likewise used the Madison County Department of Social Services as a county agency in

furtherance of *third-party gender harassment* and intimidation scheme against Plaintiff by contacting

Mandy Sluder, social worker/supervisor for Madison County Department of Social Services to come to

Plaintiff's home; whereas Defendant Sluder actively joined the described conspiracy when she too,

**unlawfully trespassed** upon Plaintiff's lands, and forciby entered the home, uninvited by Plaintiff; with

Deliberate Indifference of violating her constitutional rights; while being allowed by her director,

Connie Harris, to act with reckless disregard of Plaintiffs rights and property; pursuant to a pattern of a

15-year collusion scheme, under Color of State-Local Law; and in furtherance of a class-based,

invidious, discriminatory, anti-civil rights conspiracy whereas, no consenting adult was present, since

Burchfield had already unlawfully and forcibly removed Frank Gooden from the residence. This

is an outright *intentional* "malicious abuse of process" of the legal system! Upon information received

from contacting the Sheriff's Department, and according to Officer Coy Phillips, neither officer had

been dispatched to Plaintiff's home, further stating, "Ms. Walsh, I assure you that there was no deputy

dispatched to your residence, or anywhere near there." Officer Phillips further advised Walsh that he
would get to the bottom of it with Gosnell and call her back. To this date, officer Phillips, nor
Defendant Sheriff Harwood, has contacted Plaintiff by telephone, or otherwise, further establishing

*DELIBERATE AND RECKLESS INDIFFERENCE* to Plaintiff's rights.

In 2005, Plaintiff registered her home with the State of North Carolina the official name being,

8

"Christian Learning Center".(#4). Plaintiff also has a home-based cleaning and landscape business which she operates from the same home and property location at 1144 Fred Holcombe Road. (#5)

The Plaintiff charges that she was, and is, being targeted and singled out, and, thus injured in her person and property, (and her minor children), by the unlawful criminal conspiracy described in the Complaint/ Amended Complaint, and along with *ongoing patterns* of continued harassment and activity of the wrongful acts committed. Plaintiff is prominently known by the Defendants, who have a personal, political, and vindictive agenda against her- with DELIBERATE INDIFFERENCE; whereas, she filed prior Civil Rights litigation against Sheriff/Defendant Harwood, deputies, Dewain Mackey, and other co-defendants, in 1:11 CV-321, Walsh v. Mackey AMENDED, filed on February 17, 2012. Plaintiff dismissed said action during case appeal in the Fourth Circuit from undue duress, when she received threatening statements from two separate defense attorneys, and discovered that she could not successfully argue her case based upon County-State corruption; whereas she discovered on appeal in the Fourth Circuit Court of Appeals that she had **not** 'received' process of certain vital pleadings in direct relation with the case; and was, therefore, obstructed in the pursuit of her appeal.

More importantly, Plaintiff points out that Dewain Mackey is likewise retaliating against her, (and her family, et al.), manipulating law enforcement, and the County of Madison to his personal advantage, under Color of State-County Law, and exploiting whomever and whatever means he can dream up as third-party gender harassment to stalk, annoy, surveil, and intimidate in furtherance of the described conspiracy – knowing that he has the assurance - pursuant to Defendants, Madison County Sheriff Department, and Sheriff Harwood, and Forrest Gilliam and County of Madison's policies, customs, and practices - that he will be shielded, protected, and defended by County of Madison, by one or more of its agents. Due to the Deliberate Indifference to protect Plaintiff's rights and property, she was forced to initiate litigation in state court against the Mackey for injury to her property by the Mackeys' own negligence to responsibly contain their livestock, and refusing to close off their gate. Plaintiff

9

*attempted unsuccessfully* on numerous occasions ***beforehand*** to get the Sheriff's Department,

Defendant Harwood and ex-Sheriff, John Ledford, along with Madison County Animal Control to

enforce the law, directing the Mackeys to responsibly contain their livestock of cattle, hogs, and

chickens which were **trespassing** and freely roaming on the Walsh property, which did not happen.

Attached hereto is a copy of the charges which Plaintiff filed against Mackey on April 04, 2008 as

**Plaintifff's Exhibit # 6a,6b,** as evidence to the Court that establishes a documented pattern of

gross negligence and reckless disregard of Plaintiff's rights and property, by the Mackeys, and various

others, which also substantiates a *pattern* of *discriminatory policies, customs, and practices*.

After Plaintiff filed the property damage claims against Dewain Mackey - in his purely private

capacity, separate and apart from his official capacity position as Vice Chairman of the Madison

County Planning and Zoning Board - the County of Madison, County and State officials rushed to

Mackey's rescue, and the pattern of discriminatory collusion, under Color of State Law, and Color of

Authority got underway – thus, Plaintiff became their favorite *target* for *gender intimidation,* and

*gender discrimination* in the state court system; while giving Mackey special consideration and

preferred treatment – when all *Plaintiff wanted from the beginning* was for the Mackeys to act as

responsible farmers and contain their livestock on their property, and to keep their toxic pesticide

spray on their side of the fence line, and away from the Walsh lands – and not downwind and

downward toward Walsh's side – and for Ledford and Harwood, the Sheriff's Department, and Animal

Control to enforce the protection of the Walsh property from unwanted and damaging intrusion.

First and foremost, after said action was filed for trying to seek property damages and to stop the

constant nuisances, Kathy Ray, former assistant to the District Attorney's office, intervened, and

advised Walsh that "he" (Mackey) did not like his case coming up on the criminal court calendar." Ray

futher advised Walsh that he would like a change of venue to Yancey County, and coerced Walsh to

10

agree, assuring her that she would be notified well in advance of scheduled hearings. Plaintiff herein notes that this is where the patterns of a class-based, invidious, discriminatory, anti-civil rights conspiracy were officially documented, and the patterns of collusion and evidence of public corruption, under Color of State-County Law, surfaced against her – only for trying to exercise her rights in the state-County courts; and further, because the Madison County Sheriff's Department and Animal Control acted with reckless disregard and Deliberate Indifference of protecting Plaintiff's rights and property by their willful and negligent failure to enforce the Laws to contain livestock. After continuous d,elays, under Color of Law, and Color of Authority, and many inconvenient trips to Yancey County District Court, and a **no show** on behalf of the Mackeys, on December 2, 2008, Plaintiff's cause of action was dismissed because she was **not** notified by Kathy Ray to appear- a timely advanced notification – as promised. Thereafter, the Mackeys refused to contain their livestock and **continued** to act with reckless disregard. Mackey even openly boasted in a taunting manner when he commented to Walsh..."What's the matter, can't you get anything done in Marshall?..."

Secondly, there appeared to be massive State and Defendant County of Madison conflicts of interest involved in *patterns* of shielding and actively colluding to protect Mackey, and conceal his criminal-related activity in the court system for a purely private matter unrelated to his official position on the Planning Board; most of which time the paper trail shows that his friend and confidant, Larry Leake will exercise all powers to protect and defend him – having the County of Madison and benefit of public funding to cover the costs regardless of ethics and conflicts of interests, such as:

1.) The county-state intervention of shielding him in the court by procuring a venue change to provide him with preferred treatment and special consideration in his *purely private capacity*;

2.) The representation and defense of Mackey by the law firm of Leake and Scott gave the appearance of a conflict-of-interest, since Larry Leake was County Attorney as well – giving the impropriety that if the County is providing *public funding* for change of venue that the County is likely

11

providing funding for his legal defense as well, in his *purely private* capacity- believed to be against the code of professional conduct, pursuant to the North Carolina Ethics Act, Chapter 138A and Public Corruption Laws;

3) The combined action of unlawful collusion, under Color of State-local law, and pursuant to Color of Authority, discriminatorily deprived Walsh of her procedural due process rights and Equal Protection of the Laws, also constituting gender harassment, and denied her equal access to the courts; and denial of of the Equal Administration of Justice altogether.

4) The misappropriation of "County of Madison" (and state) public funding to shield and protect Mackey in his purely private capacity, non-related to his official Vice Chairman position, is believed to be illegal, fraudulent, unethical, and discriminatory, and prejudiced Walsh; and believed to be in violation of the North Carolina Ethics Act, Chapter 138A, and Public Corruption.

Plaintiff's *main point of going backward* to this **pattern** of operation is that due to the special consideration and preferred treatment by the County/State officials, employees, it has resulted in contributing to further acts of harassment toward Plaintiff and her children, home, and property. Again, it was a criminal matter – **unrelated to the scope of his official position and duties** – declaring that he ( Dewain Mackey) should have been *prosecuted* – **not** *protected, shielded,* and otherwise *defended with public funding,* thus, presenting the appearance of numerous conflicts of interest, which, therefore denied her the Equal Administration of Justice! (**#6a,6b**).

Subsequent to the dismissal of property damages in state court, Mackey celebrated his court Victory via an intensive *pattern of criminal and vindictive acts of retaliation* and third-party gender harassment aimed at Plaintiff and her children, at home, including gender harassment (and criminal activity) on his driveway easement across Plaintiff's lands, children's school, county roads, including, but not limited to the following: (with the knowledge and assurance that he would be expressly *shielded* from prosecution in state-county court, pursuant to the pattern of collusion between the County of Madison,

12

its Managers, Attorneys, officials, employees, officers, department, agencies, etc )

- Shooting and killing Plaintiff's (children's) 4 month old family puppy -Duke;

- False arrest by Madison County sheriff's deputy, George Cole and initiated malicious prosecution charges against Walsh;

- Attempted murder by driving a school bus toward Plaintiff's lane of traffic on U.S Highway 23;

- Blocking Plaintiff's driveway with a school bus when he drove a bus for the county; whereas since her rights were NOT protected by the Defendants, Sheriff Department and Sheriff Harwood, Plaintiff called the Fire Marshall to come to the scene and have the bus removed;

- Breaking and entering on Plaintiff's property by parking the school bus on his driveway easement, where he was witnessed by Rebecca Surratt trespassing and breaking into an outdoor building on her property where he is believed to planted something illegal – just subsequent to Walsh filing a Motion for Judgment by Default against Mackey, on **April 23, 2012**, (Larry Leake, defense counsel, county attorney) in 1:11-CV-321, <u>Walsh v. Mackey</u> and others**;**

- Blocked/obstructed, and trespassed on Walsh's property on March, 12,13, 2016, by parking vehicles and unloading 4 ATV four-wheelers – and proceeded to drive loud and reckless on said property- as an intentional and deliberate means of personal harassment, gender harassment, third-party harassment, and psychological harassment intended to bully, taunt, denigrate, intimidate and otherwise inflict mental suffering, emotional distress, mental anguish, fright, anxiety, and stress in furtherance of the described conspiracy, patterns of collusion, under Color of State-Local Law, and a continuing act in furtherance the violent home invasion of Plaintiff's home and property on the evening prior, being March 11, 2016 by Defendant Mackey (and other John Does, as yet unknown); while
knowing that Plaintiff, nor her children, had No Police Protection from the Defendants, Madison County Sheriff's Department, or Sheriff Harwood;

- Currently continues to harass, while passing through his driveway easement on Plaintiff's property, by taking pictures, acquiring tag numbers, hauling illegal goods, (as firewood from adjacent property has also illegally trespassed on);

- Continues to be an imminent threat of harm and danger to Plaintiff, her children, animals, and property – emphasizing to the Court that there has already been **(3) Three** suspicious dwelling fires in close proximity to Plaintiff's property.

- Plaintiff believes that based upon the above harassment described, the numerous violations of intentional harm and mental distress, and ongoing criminal activity provided that the foregoing is just and reasonable grounds for this Honorable Court to enter a CEASE AND DESIST ORDER, or Injunction so as terminate and otherwise REVOKE his driveway right-of-way easement through Plaintiff's property – particularly pointing out to the Court that has also been using two (2) separate other properties for ingress and egress purposes, one of which is a

13

community access road – and the other of which he trespasses on other adjoining Wegener property located at 1146 Fred Holcombe Road.

The 'false arrest' and malicious prosecution charge which was trumped-up by Mackey, (with former Defendants, and *others*) was subsequently dismissed in Plaintiff's favor. **Plaintiff's Exhibit #5.**

This was one of the tid-bits of Justice granted to Plaintiff, when she finally convinced Gary Gavenus, former DA, to do the right thing after explaining, as well as producing evidence, that her puppy was only four (4) months old, and was not the huge fierce dog that Mackey portrayed in his false and deceptive, retaliatory report. However, criminal

charges should have pursued against Mackey for the admitted brutal shooting of the Walsh puppy- only the age of four (4) months! Oddly enough, and while the Walsh family was grieving the loss of their puppy, (former) officer George Cole witnessed the dead puppy, but pursuant to collusion with Mackey, "falsely arrested" Walsh without a warrant in hand, or outstanding warrrant; but Mackey's magistrate friend, Sam Parker, (former co-defendant), who specifically arranged the wording to suit Mackey's agenda of' huge fierce dogs', in furtherance of the described conspiracy, and a continued pattern of collusion, under Color of Law. During that time, Mackey was also a bus driver for Madison County schools, where he stalked and harassed Plaintiff's son, R.M.,at school; blocked Plaintiff's driveway to her home entry - with the school bus; attempted murder, by driving the school bus toward the traffic lane of the Walsh vehicle, whereas, R.M., a student driver was in control of the wheel. The incident was downplayed and Mackey was given a pat on the back by Superintendent Wilcox, who only cautioned Mackey to keep the school bus in his lane of traffic. Sheriff Harwood declined to interview, investigate, and otherwise charge Mackey for his horrendous act and intentional criminal violation. This establishes yet another pattern of further collusion, and gender discrimination and harassment under **Color of County-State L**aw, to shield, protect, and otherwise suppress criminal activity of Mackey; noting that at that time, he was still on the County Planning Board. Since Walsh could not successfully bring

14

him to Justice because of the numerous cover-ups, she, however, managed to get a No-Contact Order. Attached herewith is a copy of a Complaint for a **"No-Contact Order for Stalking,"** dated **May 25, 2010, as Plaintiff's Exhibit #7a,7b** – another tid-bit of Justice gained due to the massive amount of harassment – **all because** the County, and former Manager, Garrison, chose to shield, cover-up and even provide public funding to defend and protect him -influencing the Court-; and the Sheriff's Department, and Sheriffs' *Harwood* and Ledford, chose *NOT* to enforce the law directing Mackey to contain his livestock! At that time, Mackey still had his position with the Planning Board, wherein he was protected, shielded, and defended, and thus, provided with preferred treatment and special consideration. Thus, the unequal administration of Justice and negligence of enforcing laws and protecting rights and property, a pattern of concealment and cover-ups pursuant to class-based discriminatory conspiracies, under Color of Law, is what has brought about the foregoing litigation – and the *prior litigation in1:11-cv-321, Walsh v. Mackey, et al.*

Finally, after unsuccessful attempts to prosecute Mackey in state court, Plaintiff decided to proceed in federal court, filing civil in light of the fact that subsequent to the filing of the aforementioned civil rights litigation in civil action 1:11-cv-321, Walsh v. Mackey, et al. Subsequent thereto, he was removed from his official position on the Planning Board, and a new Board of Adjustment was appointed. However, Plaintiff points out that the **continued pattern** of discriminatory policies, customs, and practices; vindictive agenda of gender harassment, stalking, spying on, surveilling, etc., in addition to Mackey's ongoing predesigned and premeditated schemes, which continue - have never stopped; and continue in furtherance of criminal collusion pursuant to a class-based, invidious, discriminatory anti-civil rights conspiracy which began at a time prior to January 1, 2005, and continues beyond the filing of this Amended Complaint. Meanwhile, Plaintiff and her children have NO POLICE PROTECTION from the Madison County Sheriff's Department or Sheriff Harwood, thus, remain to be vulnerable to Mackeys plots and never-ending schemes.

15

Defendant Mackey continues non-stop with his vindictive acts of third-party gender harassment - which includes years of malicious abuse of his right-of-way privilege, as described in **#1b** easement of a private gravel driveway across Walsh's lands that she so **generously** granted to Mackey by deed at *no costs* to him. The malicious abuse includes, but are not limited to the following:

- During the midnight hours of March 12, 2016, March 13, 2016, following the home invasion of Plaintiff's property on March 11, 2016, several John Does, as yet unknown, exiting with four (4) four-wheelers from Mackey property, who drove four-wheelers on and around Plaintiff's property, stopping and blocking her driveway as a further means to arrogantly offend, annoy, and intimidate her. Plaintiff reported the harassment to the **State Highway Patro**l, and it stopped immediately thereafter;
- Conspired with Defendant BobbyGosnell, and others unknown, at or around January 01,02,03, to "spotlight" in to Plaintiff's home while crossing Walsh's driveway;
- Abused his right-of-way easement of Walsh's property to brutally shoot and kill her 4-month old puppy, Duke, one of two family puppies;
- Has abused his easement privilege as easy access for breaking and entering purposes into a building on Plaintiff's property, April 23, 2012;
- He has allowed livestock, hogs, and chickens to roam at large across said right-of-way, and acted with deliberate indifference and reckless disregard of Walsh's property, and activities;
- Has harassed Plaintiff and family members with verbal assaults of bullying/intimidation, surveillance, spying, stalking, and scheming;
- Has abused his easement privilege for public use of schoolbus vehicles crossing to his property, and the use of dump truck traffic, and heavy equipment- without permission or consent from Walsh;
- Has caused damage to a culvert on Walsh's property from unauthorized traffic of heavy vehicles;
- Drives numerous times throughout the day through Walsh's property easement making various trips to the mailbox, while taking pictures and acquiring tag numbers of vehicles in Plaintiff's driveway;
- He has trespassed on adjacent posted "Adam Wegener" property to cut firewood without permission; then hauled it on his tractor 'across Plaintff's easement' to his property;
- Has intentionally abused his privilege and has purposely interfered with the enjoyment and free exercise of Plaintiff's property by his ongoing gender harassment, and nuisances;
- Has Plaintiff and her children in constant fear of threat of danger or imminent physical harm.

Thus, Defendant Mackey uses various other offending techniques to harass Plaintiff and her children:

- Consistently sprays chemical at or around Plaintiff's property/fence line, of which she believes to be toxic and dangerous; and believed to be obtained through the County of Madison with an agricultural permit to purchase;

16

- Subjects Plaintiff and her children to consistent **nightly noises which duplicates the sound of wailing human beings,** intended as a means of psychological harassment -which should also be investigated by appropriate authorities;

- Is believed to have placed an illegal bugging device on Plaintiff's home telephone; whereas, she has had a repairman to confirm on or around March 14, 2019 that a wire was dangling from the pole, indicating that the wires had been tampered with.

-

**Plaintiff's Exhibit #7** shows a criminal charge of vindictive and malicious prosecution in 10-CR-.050414 instigated by Mackey, which was dismissed;

**Plaintiff's Exhibit #8a, 8b** shows a No-Contact Stalking Order which Walsh managed to get in 10-CVD-191, dated May 25, 2010 – 10 years ago as an attempt to stop the on-going harassment!

Also, in furtherance of the class-based, invidious, discriminatory, anti-civil rights conspiracy and to

further establish a pattern of collusion, Plaintiff points out that in Civil Action 1:11-cv-321,

Walsh v. Mackey, et al, among the several defendant county employees and officials a female party by

the name of Lamona Ledford was sued in her individual and professional capacities as part-owner of

Scott Banks Trucking Company. Plaintiff asserts that she did not receive certain pleadings from defense

counsel in that matter; but according to what she did receive, it *appeared* that the County of Madison,

and former County Manager, Steve Garrison, **misappropriated** *public funding* for Lamona Ledford's

legal representation; and legal defense was provided by County Attorney, Larry Leake as well. Plaintiff

asserts that she (Walsh) received no pleadings from Lamona Ledford in her professional and/or

individual capacities,  or, as relates with the Scott Banks Trucking Company, pertaining to Ledford's

active participation and intentional wrongful acts in furtherance of the described conspiracy in civil

number 1:11-cv-321, Walsh v. Mackey; whereas she was charged in said matter for intentionally

withholding pre-deposited child support funds owed to Plaintiff for a period of five **(5+) months;**

interesting to note that Larry Leake and the law firm of Leake and Scott were likewise the attorneys for
Scott Banks Trucking Company; also holding a separate conflict of interest with County of Madison
and the Buncombe County Child Support office. Lamona Ledford is also the wife of John Ledford,
former Madison County Sheriff, for Madison County Sheriff's Department.

Plaintiff was, therefore, at a disadvantage and obstructed in the pursuit of her civil case in **1:11-CV-321**

17

due to the evidence and appearance of conflicts of interest, together with the appearance of Fraud, Deception, and Misrepresentations; what appears to be Public Corruption and intentional collusion under violations of the North Carolina Ethics Act; and the personal opinion that she could not atttain the due administration of Justice.

Unfortunately, the sheriff deputies, other Defendants, others unnamed, and some as yet unknown, were ready, able, and willing to jeopardize their professional positions, *violate their oaths* of office, and react in a criminal and unlawful manner to violate the civil rights and constitutional liberties of others – only to serve a vindictive agenda to appease their openly-declared, co-defendant "Mackey" friend.

Defendants County of Madison, Forrest Gilliam, Defendants Sheriff's Department, James Harwood, and Defendants Department of Social Services, Connie Harris, have acted with deliberate indifference by their enforcement of discriminatory policies, customs, practices; and have performed their manifest duties with reckless disregard. They have also negligently failed to properly screen, *train*, supervise, and govern their officers and employees so as to prevent such damaging and outrageous conduct in a civilized society involving disgraceful criminal conspiracies, home invasions,  the flagrant abuse of power, the horrific abuse of rights, the horrific abuse of property – and malicious abuse of the legal process- all of which results in the proximate cause of "compounded" mental torment to Plaintiff!

The bedrock of this multi-count civil rights conspiracy is, then, a Title 42, United States Code, Section 1985 Federal Civil Rights Complaint demanding civil money damages for the injuries inflicted upon Plaintiff by the Overt Acts undertaken pursuant to a class-based, invidious, discriminatory anti-civil rights conspiracy, under **Color of State-Local Law**, which is declared to be **criminal** under Title 18, Section **241**, and **Title 18**, **Sections 242**, & **245**, United States Code.

**Secondly**, In addition to containing a Title 42, Section 1985 Complaint, this Complaint contains a Title 42, Section 1981 Count, charging an express political, business, personal and/or corrupt motive underlying the conspiracy charged; in addition to intentional gender harassment, third-party gender

18

harassment, gender discrimination, and unequal protection of the laws – or NO POLICE protection from the Madison County Sheriff's Department, and Sheriff Harwood- while Plaintiff remains in daily fear of imminent bodily harm to herself, and to her minor children, to-wit: R.W, W.W., and R.K.!

**Thirdly**, this Complaint contains a Title 42, United States Code, Section 1983 Count, provides the right to sue; has no Statute of Limitations; and charging that the Defendants, in their official, and/or professional capacities, colluded together, under Color of State-County Law, willfully violated their oaths of office promising to uphold and to protect rights, and did so with gross negligence and reckless disregard for Plaintiff's rights and property, guaranteed under the Constitution and laws, by and through their willful participation in the charged class-based, invidious, discriminatory anti-civil rights conspiracy; and have willfully violated their operating procedures, and negligently failed to comply with and/or enforce non-discriminatory *policies, customs, and practices.*

**Fourthly**, this Complaint contains a Title 42, United States Code, Section 1986 Count, charging that th Defendants had knowledge of the wrongs, possessed the power to prevent; but failed to aid, and/or prevent the unlawful conspiracy; so as to suppress evidence and/or conceal the criminal activity and wrongful acts committed against Plaintiff, and her children..

**Fifthly**, this Complaint contains a Title 42, Section 1988, Count, which authorizes fee awards reasonable attorney fees to prevailing parties as part of the costs;

**Sixthly,** this Complaint contains a Title 42, United States Code, Section 1982 Count provides for the property rights of citizens.

**Seventhly**, this Complaint contains a Title 42, United States Code, Section 1343 Count to recover damages from persons who have intentionally failed to prevent, or to aid in preventing any wrongs mentioned Title 42, United States Code, Section 1985.

In Count VIII of this Complaint, Plaintiff requests this United States District Court to exercise its

19

pendant jurisdiction over certain North Carolina State causes of action, including civil and criminal violations, evidence of Public Corruption and violations of the North Carolina Ethics Act, which arose out of the same basic set of facts of litigation in 1:11;CV-321, <u>Walsh v. Mackey</u>, and which give rise to the Federal cause of action, and which constitute the basis of Plaintiff's Federal Complaint against the Defendants named in this case.

II.    JURISDICTIONAL STATEMENT

The jurisdiction of the United States District Court for the Western District of North Carolina is invoked under Title 42, Section 1985 and  1985(3), 1983 as well as under Title 42, United States Code, Sections 1981, 1982, 1986, and 1988. Jurisdiction is likewise invoked under the Judicial Code, Title 28, United States Code, Sections 1331 and 1343 (1),(2),(3), and (4); as well as under 1651, 2201 and 2202. Jurisdiction is also invoked under Title 42, Section 21-Civil Rights, prohibiting discrimination based on *gender;* Chapter 21 A, chapter 21 provides First Amendment Protection *as to religion;* Chapter *21E* provides for *"Privacy and Civil Liberties Protection;"* Title 42, United States Code, Sections 2000 bb-1, Protecting the free exercise of religion, under the Religious Freedom Restoration Act. Jurisdiction is also invoked under Title 18, Sections 241, 242, & 245, United States Code;  and Title VII of the Civil Rights Act of 1964.

Jurisdiction is also invoked under *The Equality Act of 2010;* whereas, the Act brings together 116 pieces of legislation concerning *sex,* race, disability, sexual orientation, *religion or belief,* and age, and seeks to adopt a single approach when appropriate. It is designed to ensure that individuals are protected from acts of discrimination in society and the workplace.

Jurisdiction is likewise invoked under the First, Second, Fourth, Fifth, Seventh, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution. The pendant jurisdiction of the Court is invoked to grant relief under North Carolina State Law, including liability for intentional tort claims under the North Carolina Tort Claims Act, Sections 143-291-3001, including Sexual Misconduct of a

20

minor; gender sexual harassment of a minor in Plaintiff's home; Intentional infliction of mental and emotional distress of "mental torture"; conduct that caused severe fear of harm or imminent danger or physical injury; Denigration and defamation of Plaintiff's character as a known law-abiding, Christian citizen; false arrest; acts of violence; Gender harassment; psychological harassment; third-party harassment; Discriminatory Harassment; False and Malicious Reports;  intimidation, gross negligence; reckless disregard; deliberate indifference; criminal trespass; home invasion; Cruel and Unusual Punishment; Color of State-County Law; Color of Authority.

The amount in controversary exceeds $10,000 per Plaintiff for each Count in this Complaint, exclusive of costs and interest.

This well describes the reason and motives of targeting Plaintiff with wrongful acts of discrimination.

The nature and details of this conspiracy are set forth herein, as is a description of the targeted Plaintiff, as well as a description of the Overt Acts undertaken, pursuant to the unlawful objectives of the conspiracy by the Defendants, unnamed co-conspirators, and others as yet unknown, the lawful rights violated, under Color of Law, and all necessary elements to support a Title 42, Section 1985 Complaint.

## III.   PARTIES

1. Plaintiff Delta Walsh, at all times relevant to this Complaint, resides at 1144 Fred Holcombe Road, Mars Hill, North Carolina 28754. She is a natural-born citizen of the United States of America.  Her place of residence is registered with the State of North Carolina to serve as a location for a home-based school, being registered as "Christian Learning Center", as well as a residential/commercial cleaning and landscape businesses.

2. Defendant Forrest Gilliam, at all times relevant to this Complaint, (upon information and belief), held the position as County Manager, for COUNTY OF MADISON;

3. Defendant Sheriff James (Buddy) Harwood, at all times relevant to this Complaint, held the position

21

as Sheriff of County of Madison;

4. Defendant Bobby Gosnell, at all times relevant to this Complaint, was employed by Defendant Harwood, and Defendant County Sheriff's Department, as a deputy sheriff;

5. Defendant Joshua Burchfield, at all times relevant to this Complaint, was employed by Defendant Harwood, and Defendant County Sheriff's Department as a deputy sheriff;

6. Defendant County of Madison, serves as an administrative office for the County with official operating procedures and guidelines as to governing and overseeing *equal* enforcement of policies, customs, practices, etc., and approval of appropriation of public funding for County of Madison;

7. Defendant Madison County Sheriff's Department, is designed to serve all county citizens in an equal manner, provide legal process of service according to the law; and to protect and enforce the rights and property of its citizens in an equal, non-discriminatory manner;

8. Defendant Madison County Department of Social Services is a county agency designed to comply with a code of standard operating procedures; willfully failed to enforce ***non-discriminatory*** policies, customs, and practices for the protection of the general public, in accordance with the Constitution and Laws, and pursuant to the North Carolina Ethics Act and Commission;

9. Defendant Connie Harris, at all times relevant to this Complaint, was the Director of Madison County Department of Social Services;

10. Defendant Mandy (Mandie) Sluder, at all times relevant to this Complaint, was a social worker/supervisor for Madison County Department of Social Services;

11. Defendant Dewain Mackey, at all times relevant to this Complaint, was a resident of Madison County, who also lives at and operates d/b/a/ Mackey Farms, at 1150 Fred Holcombe Road, Mars Hill, North Carolina; is on the payroll of Madison County, where he currently drives a fuel truck for Madison County Schools;

11.  Defendants John Does, Mary Does, as yet unknown, and others unnamed.

22

IV.    STATEMENT OF FACTS

Plaintiff states that at a time prior to January 01, 2005, up to and including March 11, 2016, and

continuing *up to* and *beyond* the filing of this Complaint, that the Defendant Forrest Gilliam, Madison

County Manager, (and his predecessors, Garrison and Lamberson), and Defendant James "Buddy"

Harwood, Sheriff of Madison County, have demonstrated a pattern of ***unethical*** and illegal conduct by

willful and/or negligent failure and/or reckless disregard to properly screen, hire, train and supervise

certain deputy sheriff officers; thus, creating an extremely dangerous and hazardous situation for the

citizens of Madison County; as with Defendant deputies herein, Bobby Gosnell and Burchfield, and

Joshua

others, as yet unknown. Moreover, Defendant Gilliam and Defendant Harwood have failed to return

Plaintiff's telephone calls to discuss wrongful and illegal acts committed by said officers/Defendants.

 Defendants Gilliam, Harwood, and Harris have further negligently failed to perform their duties; to

supervise employees, as to their professional conduct in upholding the law, protecting rights and

property, and enforcing the equal rights of Madison County citizens, as in Plaintiff's case. They have

negligently failed to comply with operating procedures and guidelines; and have willfully and

knowingly violated policies, customs, and practices, as relates to discriminatory and retaliation.

Plaintiff (and her children, employees, et al.) have unjustly encountered numerous incidents of

harassment, unlawful arrests, home invasion, etc. on her home property, which likewise serves as

a registered home-based school, as well as a home-based businesses. (Reference is also made to Civil

Action 1:11-CV-321, <u>Walsh v.  Mackey</u>, filed **February 12, 2012,** to explain more details).

In the evening hours of March 11, 2016, the Defendants, Deputies Gosnell and Joshua Burchfield,

willfully trespassed upon Plaintiff's posted/registered private property located

at 1144 Fred Holcombe Road, Mars Hill, North Carolina; said property serving as a registered home-

based school, as well as a location for two separate home-based businesses, namely: a

residential/commercial cleaning business, and a landscape business. The Plaintiff also resides there

23

with three (3) minor children, whom she homeschools. She has several employees, including a male

employee by the name of Frank Gooden, who has also been injured by the wrongful acts described.

Upon information and belief, the following evening events of March 11, 2016 occurred:

Frank Gooden was at Plaintiff's residence child sitting a few hours with two minor children, to-wit:
                                                    (Joshua Burchfield)
R.W. and W.W.. Frank Gooden responded to a knock on the front door. Officer          was standing

outside the door, armed, and in full uniform, and asked, "Are you Frank Gooden?" Gooden identified
                       (Joshua Birchfield)
himself, and Officer "J" immediately handcuffed him and told him that he had a warrant for his arrest.

Then Officer Gosnell appears from the corner of the house with an aimed firearm in place, in a loud

intimidating voice, "I thought you'd come out with guns blazing!" Gooden replied,"we have no guns."

Gosnell pushed and shoved Gooden, while handcuffed, inside the house from the front porch/deck to a

chair in the living room, as conducted himself as though Gooden was a violent criminal. Defendant

Gosnell then instructed Officer Joshua Burchfield to "shoot him if he moves!"

Meanwhile, Gosnell is rambling through Gooden's wallet, and apparently took away and removed his

Government issued, Department of Defense Contractor's card. Gosnell started asking in a loud,

demanding tone of voice, "where are all those assault weapons and explosives?" Officer Gosnell

walked through Plaintiff's house opening cabinets, rummaging, and slamming doors; opening and

slamming drawers, and throwing clothing everywhere; kicking over a cat litter box; and yelling in a

loud tone over and over, traumatizing said minor children, and demanded to know where the guns were

hidden.

Plaintiff expressly points out that there was no warrant produced for Gooden's arrest, or in hand to
                                   Burchfield
serve by the officers; yet officer ("J") kidnapped Gooden, took into police custody, without a warrant, a

turned him over to the Buncombe County Sheriff's Department, who could also not produce a warrant

for his arrest. Gosnell continued questioning the minor children, R.W. and W.W.. demanding to know

where the assault rifles and explosives were. They told him there were no guns. He accused the minor

24

children of lying about not having any guns. After Officer Joshua Burchfield left with Frank Gooden in custody, Officer Gosnell followed minor child, W.W. to the bathroom, and stood at the doorway looking inside the bathroom toward said child's private area as he urinated. Minor child, R.W. asked officer Gosnell what he was doing, whereas, he replied that he was making sure that he, (W.W., a 9-year old minor child), did not... "flush any drugs down the toilet."

Plaintiff expressly points out that she had no guns, explosives, or drugs on her property; and, if any are ever "discovered" there, it will be because someone with a spiteful agenda planted them!

Officer Gosnell also made his brags to said minor children by stating to them that it was he who "spotlighted" inside Plaintiff's home on or around January 2,3, 2016, as he was leaving Dewain Mackey's property, and passing through her driveway.

Upon Plaintiff's arrival home, she reached out her hand to shake Officer Gosnell's hand, to introduce herself, and he demeaningly stated, "I ain't ' shaking your hand!" At that time, Mandy Sluder reached out her hand to shake Plaintiffs and introduce herself, as she just arrived a few minutes earlier. Ms. Sluder informed Plaintiff that she was a supervisor, employed by Madison County Department of Social Services, stating to Plaintiff that Officer Gosnell had called her and requested her assistance at Plaintiff's home, (as more harassment, intimidation, and indignity, and in furtherance of the invidious, anti-civil rights conspiracy alleged). Ms. Sluder displayed very professional conduct, while Officer Gosnell remained at Plaintiff's home, commenting with intimidating and degrading verbal insults and defamatory comments against the targeted Plaintiff, including, but not limited to: "low life piece of shit"; "low life piece of trash"; "you suck at both businesses"; "you suck at motherhood!"

During Officer Gosnell's visit, he went several times back and forth to his vehicle and appeared to be talking and exchanging information on the telephone, being overheard talking to a "Dewain". Telephone records would likely confirm that the calls were made from his private cell phone number, (828) 712-5901 to Defendant/ co-conspirator, Dewain Mackey's cell phone number, (828) 712-6225.

25

Plaintiff asserts that the above-described wrongful conduct and illegal acts of the Defendants have caused her, (her children, and Frank Gooden), irreparable harm, emotional trauma, mental anguish, fright, worry, humiliation, indignity, lack of peace of mind of, and "mental torture" of **NOT** being safe and secure in the home and property – living without POLICE PROTECTION in the County of Madison, in violation of the Fourth Amendment. This is contrary to a civilized society and constitutes **inhumane treatment!**

In furtherance of the described conspiracy, and pursuant to a 15-year old pattern of collusion by and between one or more of the Defendants, and others, Plaintiff sets forth the following numerous Overt Acts committed *against Plaintiff* - by one or more of the Defendants, under ***Color of State-County Law***, and ***Color of Authority***, and others as yet unknown and unnamed including, but not limited to the following:

- Engaged in a *private* class-based, invidious, discriminatory, anti-civil rights conspiracy, (unrelated to the scope of their professional duties) while acting under ***Color of County-State Law***, and ***Color of Authority***, in violation of their code of professional conduct and the North Carolina Ethics Act, Chapter 138 A;

- Abused their professional and official positions, under ***Color of County-State law***, for gender discrimination, gender harassment, psychological harassment, third-party harassment against Plaintiff, in violation of their professional conduct and the North Carolina Ethics Act;

- Used their positions, illegally, and under the Color of State-Local Law, against Plaintiff, to exercise their authority dishonestly and unfairly, whereas, improprieties, threats, favoritism, undue influence, and conflicts of interest existed, in violation of the standards of ethical conduct;

- Engaged in efforts, illegally, under Color of Law, to shield, protect, defend Mackey in state court in a private criminal matter, and in his purely private capacity, separate and apart from his official capacity as Vice President of the Madison County Planning and Zoning Board;

- Embezzled and misappropriated public funds from the County operating budget to provide a change of venue; while intentional failing to notify Walsh of her right to be present for a hearing wherein she was a litigant against Mackey, in furtherance of an appearance of a public corruption scheme, and in violation of the standard of ethical conduct;

- Embezzled and misappropriated public funds, under *Color of Law*, for the legal representation and legal defense of non-county employee, Lamona Ledford, in 1:11-CV-321, <u>Walsh v. Mackey</u>; wherein County Attorney, Larry Leake, was defense attorney; noting that the law firm of Leake and Scott was also attorney of record for Scott Banks Trucking Company; whereas

26

according to documentation she received in that action, no separate responsive pleading on behalf of said trucking company was filed with the federal court;

- Engaged in efforts, illegally, under Color of Law, to obstruct, impede, or hinder the due course of Justice, which has denied Walsh of her procedural due process rights, and to the Equal Protection of the Laws;

- Engaged in unethical conduct, under Color of State-Local Law, to discriminatorily deprive of rights, privileges, and immunities guaranteed under the Constitution and Laws;

- Actively engaged in efforts, illegally and with malice aforethought, under Color of State-County Law to terrorize, frighten, harass, intimidate, offend, oppress, to cause harm, injury, and long-term lingering effects of fear of imminent danger to Plaintiff, and to her minor children;

- Actively engaged in, under Color of Law, gender harassment of Plaintiff's minor child, W.W.; and sexual misconduct of minor child; whereas Defendant Gosnell followed him to the bathroom and watched him as he urinated, commenting that he might "flush drugs down the toilet;

- Engaged in efforts, illegally to deter, hinder, impede and/or obstruct the due course of Justice by the deliberate indifference and reckless disregard of Plaintiff's rights;

- Actively engaged in the illegal trespass and forced entry of Plaintiff's home and property, pursuant to a premeditated conspiracy which consisted of an armed, violent, and surprise attack and home invasion of stalking, surveillance, false arrest, kidnapping, abridgment of the exercise of free speech, religion, peaceful assembly, invasion of privacy, forcible entry, illegal search and seizure, cruel and unusual punishment, together with the violation of due process rights, and denial of the Equal Protection of the Laws;

- Abused their positions, under **Color of County/State Law**, to discriminate, harass, intimidate, belittle, indignify, and denigate Plaintiff to purposely inflict "cruel and unusual punishment", with reference also being made to former County Manager, Steve Garrison's harassing and intimidating phone call to Walsh, stating, ...Listen here, lady, the next damn time you have a problem or an issue you call me...do you hear me?" "Internal Affairs have been up here for a week with a microscope up my ass," noting that Garrison showed *deliberate indifference* to concerns;
- Used excessive force and police brutality by entering upon Plaintiff's property to harass and arrest Frank Gooden, a business employee on privately posted property, in the absence of a warrant in hand, service of process- while having malice aforethought;
- Willfully and knowingly violated their oaths of office to uphold, support, and defend the Constitution; showing willful and reckless disregard of Plaintiff's constitutional rights;

- Participated in the planning, execution, and/or cover-up of the described conspiracy, under **Color of State-County Law,** worked together to conceal and/suppress the wrongful acts;

27

- Violated Plaintiff's Constitutional Rights to uphold, support, and defend the Constitution and Laws, showing willful and reckless disregard regard for the infringement and abridgment of rights and property;

- Placed Plaintiff in fear of owning a firearm and enjoying her Second Amendment Rights by the direct fear of threat of being framed or set up by Madison County law enforcement or Mackey;

- Engaged in conduct unbecoming to law enforcement officers, who have a sworn duty to protect persons and property, and uphold the law pursuant to a lawful and professional standard of conduct, and against the North Carolina Ethics Act;

- Unjustly created a hostile, stressful, and uncomfortable home, homeschool, and business-related environment by the numerous wrongful acts committed-in addition to the daily threat of fear of co-conspirator, Defendant Mackey;

- Unjustly created a hostile, stressful, and uncomfortable home, homeschool, and business-related environment by the enormous mental torture and suffering inflicted by the wrongful acts, including mental anguish, emotional distress, fright, anxiety, depression, grief, inconvenience, loss of earnings, and loss of enjoyment of Plaintiff's home and property; not including the *hundreds of hours* involved in the foregoing lawsuit, *legal research*; and many *inconvenient trips* of leaving the stressful emotions of the home environment to home school in other locations where the effects of stress is reduced;

- Failed to provide adequate and efficient law enforcement ***training*** and provide supervision of county officers and employees; with said deficiency being closely related to Plaintiff's armed and unauthorized home invasion which terrorized and traumatized Plaintiff and her children;

- Maintained and enforced a pattern of discriminatory policies, customs, and practices against the 'targeted' Plaintiff which deprived her to the Equal Protection of the Laws;

- Participated in the planning, execution and/or cover-up of the described conspiracy, gender discrimination, and gender harassment, (including sexual harassment of a minor child);

- Actively engaged in a private the described conspiracy, under Color of Law, ***absent*** *of subject matter jurisdiction*;

- Perpetrated fraud and deception upon the Court in 1:11-CV-321, by the unlawful representation and legal defense of Lamona Ledford; which prejudiced Plaintiff, and denied Plaintiff in that action the fair and Equal administration of Justice; using the judicial system as a means of furthering a private conspiracy, and for further discrimination and gender harassment – while knowing Plaintiff was inexperienced in her individual pro se representation;

- Actively engaged in efforts, illegally, under Color of Law, that have wrongfully deprived Plaintiff of enjoyment of ***life, liberty,*** and to the ***pursuit of happiness***.

The Overt Acts undertaken by the Defendants, John Does, as yet unknown, and unnamed co-

conspirators, pursuant to this invidious, discriminatory anti-civil rights conspiracy, gender

28

discrimination and gender harassment, under Color of County-State Law, resulted in injuries to person and property, including the lingering, long-term injuries of mental anguish and fear of imminent attacks, and bodily harm; and resulted in discriminatorily depriving Plaintiff, (her minor children and employee), to the Equal Protection of the Laws, and the right to the enjoyment of the rights, privileges, and immunities guaranteed by the Constitution and Laws. The Overt Acts provided above apply to the Plaintiff named herein.

COUNT I
TITLE 42, SECTION 1985; 1985(c), U. S. C. VIOLATION

1. The assertions of fact set forth herein are incorporated by reference.

2. It is expressly asserted that the illegal acts and criminal activity described were undertaken by the Defendants, and other unnamed co-conspirators, and others, as yet unknown; and were undertaken pursuant to an unlawful conspiracy to discriminatorily deprive Plaintiff of her right to the Equal Protection of the Laws; her right to the Equal Enjoyment of Rights, Privileges, and Immunities as a citizen of the United States by the Constitution and Laws.

3. It is expressly asserted that the "rights, privileges, and immunities guaranteed to American citizens by the Constitution and Laws," are thus, protected against purely private conspiracies by Title 42, Section 1985, 1985 (c) U. S. C.;

4. That the Defendants are sued under Count I exclusively in their purely private capacities; such being authorized under the authority of the United States Supreme Court, in Griffin v. Breckenridge, 401, U. S. 88,91 S Ct.1790 (1971).

COUNT II
TITLE 42, SECTION 1981, U. S. C. VIOLATION

1. The assertions set forth are herein incorporated by reference.

2. The conspiracy set forth in this Complaint is an unlawful criminal conspiracy to deprive citizens,

(Plaintiff) of her right to the *full and equal benefit* of all the laws, under Color of State-County Law, thus, constituting a cause of action under Title 42, Section 1981, U. S. C.

3. That the Defendants named in the above caption, are sued under Count II, solely in their purely private capacities.

COUNT III
TITLE 42, SECTION 1983 U. S. C. VIOLATION

1. The assertions of fact are herein incorporated by reference.

2. It is expressly asserted that the Defendants – over and above their previous pleaded participation and conduct taken in their purely private capacities, also undertook identical activities in their official and/or professional capacities; pursuant to the described class-based discriminatory conspiracy, under Color of Law; pursuant to discriminatory policies, practices, and customs, under Color of Law; pursuant to evidence of breach of fiduciary duties and evidence of misappropriation of public funding for legal defense of parties (Mackey & Lamona Ledford) in which Walsh was an active litigant;

3. The Defendants, and others unnamed and/or unknown, acting in their official and/or professional capacities, and in their individual capacities, directly violated Plaintiff's rights, under the authority of Color of State Law and to the equal protection of the laws, under the First, Second, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution, and violation of various Civil Rights Laws.

4. The Plaintiff, therefore, demands Declaratory and Injunctive Relief, including Orders of Protection and CEASE AND DESIST, and driveway easement revocation, in addition to monetary relief against the Defendants.

COUNT IV
TITLE 42, SECTION 1986 U. S. C. VIOLATION

1. The assertions of fact set forth herein by reference.
2. It is expressly asserted that the Defendants possessed kmowledge of the Section 1981, 1983 and 1985 anti-civil rights conspiracy to discriminatorily deprive Plaintiff of one or more of her rights and of

30

the equal protection of the laws.

3. The Defendants, and others, acting in official, professional, and individual capacities, were in a position to aid and/or prevent the criminal activity, but willfully failed and/or refused to take any steps whatsoever to stop the unlawful conspiracy. Likewise, the Defendants, Gilliam, Harwood, and Harris negligently failed to adequately **train, and** properly **supervise** the Defendant officers, Gosnell and John Doe, Defendant employee, Mandy Sluder in their activities, so as to keep Madison County residents and their properties safe and secure from home invasions and private conspiracies in the interests of public safety policies, and the due course of Justice. Likewise, Plaintiff believes there is written and recorded evidence and a documented pattern that the Defendants, County of Madison, and Gilliam, former County Managers actively participated in misappropriating public funding for County representation and legal defense of Larry Leake, and the law firm of Leake & Scott; including change of venue in state court action; and federal court (Madison County) representation and legal defense of a non-county employee (1:11-cv-321, Walsh v. Mackey, et al) and believed to have breached their professional duties, under Color of Law penalties; which denied Plaintiff Equal Protection of the Laws;

4. It is expressly asserted that the Plaintiff in this case suffered, and continues to suffer the discriminatory deprivation of her rights, as a result of the Defendants' active participation in the described conspiracy, the Deliberate Indifference, and reckless disregard of the targeted Plaintiff.

<u>COUNT V</u>

1. The assertions of fact are herein incorporated by reference**.**

2. Title 42, United States Code, Section 1988, formerly Title VI of the Civil Rights Act of 1964, provides for proceedings in the vindication of civil rights and authorizes courts to award attorney fees to civil rights plaintiffs who cannot afford legal representation; yet have valid civil rights claims, the enforcement to which is in the public interest.

<u>COUNT VI</u>
<u>Title 42, Section 1982, United States Code Violation</u>

31

1. The assertions of fact are herein incorporated by reference.

2. It is expressly asserted that the illegal acts committed and criminal activity described were undertaken violated Plaintiff rights of the free exercise to use and enjoy her; and hold her property free from intrusion, invasion, abridgment and harassment, and other intentional infringements; including the guaranteed Fourth Amendment right ...of the people to be secure in their persons, houses, papers, and effects, against unreasonable searched and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation..." and of the "First Amendment right of free speech, free exercise of religion, and freedom of assembly shall not be abridged."

3. It is expressly asserted that the property rights guaranteed to American citizens by the Constitution and Laws, are thus protected against purely private conspiracies under Title 42, Section 1982, United States Code, to deprive Plaintiff of the free enjoyment and exercise of her property rights.

4. That the Defendants, Madison County Sheriff's Department, and Sheriff Harwood, Officers Bobby Gosnell and Joshua Burchfield, Madison County Department of Social Services, Connie Harris, and Mandie luder, Dewain Mackey, and others unknown, and unnamed, are sued under Count V exclusively in their purely private capacities for failure to protect Plaintiff's property from interferences, and enforce her property rights from unjust intrusions.

## COUNT VII

This Complaint also contains a Title 42, Section 1343 Count to recover damages from persons ... "who *intentionally failed* to prevent, or to aid in preventing any wrongs" mentioned under Title 42, Section 1985, United States Code.

## COUNT VIII

In addition to the foregoing claims, under the Constitution and the Civil Rights Acts, the Plaintiff also brings before the Court a series of intentional and dignitary tort claims, pursuant to the North Carolina Tort Claims Act and the doctrine of pendant jurisdiction; such as Stalking and Harassment; intentional and reckless breach of duty with fraudulent intent; Failure to disclose conflicts of interest to Walsh, and to the state and federal courts; Intentional abuse of public trust; Deliberate Indifference of Walsh's rights and property; the extreme outrageous conduct, which was intentional infliction of emotional

32

distress, resulting in mental torture injury from loss of peace of mind, and creating a daily/nightly threat

of fear of harm and imminent danger to Plaintiff, her children, and home; criminal trespass; Gross

negligence; reckless disregard for rights; Deliberate Indifference of Plaintiff's rights, property, safety,

and protection;  Dignitary Torts, of Invasion of Privacy, and defamation to Plaintiff's character, wherein

unlawful intimidation, mental harassment, psychological harassment, gender harassment, third-party

harassment, unlawful arrests, surveillance, stake-outs, and armed invasion occurred;  with degrading,

insulting, and intimidating comments, whereas, she is known as a law abiding citizen and believes in

the Christian Faith. The Plaintiff also brings before the Court a series of criminal violations, pursuant to

the North Carolina General Statutes, pertaining to Unwarranted Home Invasion and invasion of

privacy; Illegal Search and Seizure; Gender harassment and sexual misconduct of a minor; Violations

of the North Carolina Ethics Act and Public Corruption, Chapter 138A, embezzlement and intentional

misappropriation of public funding with fraudulent intent and purposes, under Color of Law;

including Public Policy Codes, pursuant to Color of State-County Laws, and the doctrine of pendant

jurisdiction demands Judgment under the Laws of the State of North Carolina, including, but not

limited to the following violations, under Color of Office and Color of County-State Law for:

1. CONSPIRACY TO OPPRESS, under Color of Law, whereas, the Defendants, and others, as

unnamed, and as yet unknown,  did conspire for the purpose of injuring, threatening, oppressing, and
intimidating Plaintiff in her person, property, home-based (Christian) school, and businesses;

2. OBSTRUCTION OF JUSTICE, whereas, the Defendants conspired to violate Plaintiff's civil rights,

under Color of Law, with the intent and purpose to injure her in her person, property, school, and

business; and conspired for the purpose to hinder, impede, and/or obstruct the due course of Justice;

acted with deliberate indifference, reckless disregard and negligence, and willful failure to perform

their duties justly, and enforce the law equally; and protect Plaintiff, and her children, from deadly and

dangerous unjustified intrusions and home invasions of privacy; and further conspired to deprive

33

Plaintiff of her right to equal access to the federal and state courts; denying to her the due course of the administration of Justice;

3. CRIMINAL TRESPASS ON PRIVATELY POSTED/REGISTERED PROPERTY, for the sole purpose to inflict harm and injury, whereas, Plaintiff's property is not only a residence, but a registered home-based school, with two home-based businesses.

Plaintiff rights and property have been violated by the unlawful trespass, the illegal home invasion and
                                                        Burchfield
forced entry by the Defendant officers, Gosnell and "J", and county employee, Mandy Sluder; having no legal justification to be there; just to serve an agenda for Officer Gosnell's, openly-admitted, "Dewain Mackey friend," who also holds an especially 'spiteful' vendetta against the targeted Plaintiff;
                                                        Burchfield
4. MALICIOUS ABUSE OF SERVICE OF PROCESS, whereas, Defendant Officer "J" advised that he had a warrant for Frank Gooden's arrest at Plaintiff's home; whereas, he was not dispatched, or had a warrant in hand, or outstanding; for the arrest of Frank Gooden, and there was no warrant to be served; said wrongful acts committed so as to harm, injure, harass, intimidate and invade Plaintiff's rights and property; and Defendant, Mandy Sluder actively joined and participated in the criminal trespass and described home invasion, forced entry, and invasion of privacy, and illegal search and seizure;

5. MISCONDUCT IN PUBLIC OFFICE, where the law enforcement deliberately and purposely violated the law whereas, the Defendants did conspire together with intent to injure Plaintiff in her person, property, school, and home-based businesses, and did discriminatorily deprive her of one or more of her rights, privileges, and immunities while working under the Color of Law.

6. Unwarranted, unauthorized home Invasion, and Invasion of Privacy, (without authority) under **Color of State-County Law**; a felonious act – which deserves prosecution!;
7. 'Forcible' Breaking and Entering on private property under **Color of Law**;

PLAINTIFF'S PRAYER FOR RELIEF

34

WHEREFORE, for all of the above violations, under both State and Federal Laws, and under the Constitution and Civil Rights Acts, the Plaintiff demands judgment against the Defendants as follows:

a. Plaintiff, DELTA WALSH, demands judgment under the Constitution, the Civil Rights Laws, Federal and State Laws for actual, substantial, and punitive, and compensatory, *compound* damages as follows:

1. Plaintiff demands judgment from the Defendant, Madison County Manager, Forrest Gilliam, in the total sum of One Million ($1,000,000.00) Dollars; (for his participation in the approximate 15 years that Plaintiff has been forced to endure said wrongful acts, and the pattern of no administrative action taken, so as to prevent the numerous illegal acts of County officers, and others, from re-occurring; in addition to maintaining a pattern of gender discriminatory policies, customs, and practices; and a severe defect and **deficiency** of policy in screening, hiring, **training**, of officers and employees, departments and agencies – in the interests of public policy and keeping citizens safe from unwanted home invasions and illegal 'forced' entry;

2. Plaintiff demands judgment from the Defendant, Sheriff James "Buddy" Harwood, in the total sum of One Million Dollars, ($1,000,000.00);

3. Plaintiff demands judgment from Defendant, Bobby Gosnell, and d/b/a Bobby Gosnell Transport, in the total sum of One Million Dollars, ($1,000,000.00);

4. Plaintiff demands judgment from the Defendant, Joshua Burchfield, in the total sum of One Million Dollars, ($1,000,000.00);

5. Plaintiff demands judgment from the Defendant, County of Madison in the total sum of Five Million Dollars ($5,000,000.00) for maintaining a pattern of gender discrimination and discriminatory policies, customs, and practices, such as those which have been shown to interfere with due process procedural rights of Plaintiff; and to the Equal Protection of the Law. Likewise, Defendant County of Madison has shown a severe defect and crucial deficiency in its policy, customs, and practices that pertain to the hiring, *training*, and supervision practices; and has shown Deliberate Indifference to Plaintiff by its willful and negligent failure to ensure that its various county of Madison departments, agencies, county

35

managers, including county attorneys, and other officials function to administer state and local laws in accordance to the law, and the Equal Administration of Justice; whereas, counties were designed to operate under the provisions set out in the State Constitution. Furthermore, there is evidence to believe that County of Madison has misappropriated public funds, provided legal representation and County Attorney defense of Defendant Mackey, Lamona Ledford, wife of Former Sheriff, John Ledford, and others.

6. Plaintiff demands judgment from the Madison County Sheriff's Department in the total sum of One Million Dollars, ($1,000,000.00) for maintaining a pattern of policies, customs, and practices of gender discrimination, gender harassment, gender third-party harassment, home invasions, and invasion of privacy; failure to keep citizens safe and secure of the rights and property from being violated – thus, creating mental distress, including fright, anxiety, grief stress, and uneasy peace of mind by the intentional infliction of wrongful acts of its deputy officers – due to their inadequate training and lack of supervision ; abridgment of the free exercise of speech, religion, and peaceful assembly; intrusion of the fear and threat to own a firearm;  false arrest, acting on false and malicious reports against Walsh; and the deliberate indifference and reckless disregard of her rights and to the Equal Administration of Justice. Defendant Sheriff Department has a severe defect and deficiency in screening, hiring, **training**, and supervision practices, which has created an unsafe and uncomfortable home environment due to criminal activity of an unwarranted, armed and violent home invasion of Plaintiff's home and property on March 11, 2016 - by its supposedly *trained* uniformed officers, Bobby Gosnell, Joshua Burchfield, and

others, pursuant to a class-based, invidious, discriminatory, anti-civil rights conspiracy, under Color of Law.

7.  Plaintiff demands judgment from the Defendant Madison County Department of Social Services in the total amount of One Million Dollars ($1,000,000.00) for maintaining a pattern of policies, customs, and practices of gender discrimination, gender harassment, gender third-party harassment by the agency, director, Connie Harris, and others; active participation in criminal trespass and unwarranted

36

home invasions, and *uninvited* 'forced' entry by employee supervisor, Mandy Sluder, whereas, she, not only invaded rights of privacy, but she *interrogated minors* in the home and in the absence of a consenting adult, and under Color of County-State Law, seized photographs of work books, and other items; and actively engaged in a class-based, invidious, discriminatory, anti-civil rights conspiracy against Plaintiff. Likewise, she has a serious deficiency in the agency's proper *training* of its employees; so as to operate under the provisions set out in the state constitution and laws; which has thus, created an abridgment of Plaintiff's constitutional rights and civil liberties.

8. Plaintiff demands judgment against Connie M. Harris, in the total sum of One Million Dollars ($1,000,000.00) for allowing third-party harassment, gender harassment, in furtherance of an armed home invasion , and pursuant to a private class-based, invidious, discriminatory, anti-civil rights conspiracy; and the negligent failure to efficiently *train* and supervise employees;

9. Plaintiff demands judgment against Mandy (Mandie) Sluder in the total sum of One Million Dollars ($1,000,000.00) for gender harassment, gender discrimination, gender third-party harassment in furtherance of her active participation in a class-based, invidious, discriminatory, anti-civil rights conspiracy, including wrongful acts of criminal trespass, engaged in participation of a home invasion, 'forced' entry, invasion of privacy, and abridgment of constitutional rights and civil liberties; as well as a breach of public trust by violating state laws.

10. Plaintiff demands judgment against the Defendant Dewain Mackey, and dba Mackey Farms in the total sum of Two Million Dollars ($2,000.000.00).

b. PUNITIVE DAMAGES

 The Plaintiff demands punitive damages from the various Defendants for committing acts to be **outrageous, intentional, and not tolerable in a civilized society**.

c. COMPENSATORY **'COMPOUND'** DAMAGES
 The Plaintiff demands actual, general, and consequential compensatory damages from the various

Defendants for the intentional infliction of mental pain and suffering, mental anguish, fright, shock, and

37

trauma and emotional distress of injury by the wrongful acts committed, thus, creating a hostile, stressful, unsafe, and uncomfortable home-home school-business environment, resulting in loss of business earnings; and commuting to different locations for home school studies, activities, and recreation; in addition to living with the long-term daily fear of threat of imminent danger to Plaintiff, her children home, and property and knowing that there is no County law enforcement to rely on.

Plaintiff asserts and emphatically emphasises to the Court that she has suffered severe *mental torment* by the discriminatory collusion and actions, by the ***acts or omissions*** of the Defendants, a direct and proximate cause of the mental anguish and emotional distress, whereas:

→ The various forms of gender harassment began at a time prior to January 01, 2005, and continues beyond the filing of this Complaint, being a period of roughly 15 years

→ The Defendants Harwood and the Sheriff's Department have compounded the mental injuries, due to the wrongful acts of engaging in an armed, violent and unwarranted home invasion, forcible entry, and search and seizure, on March 11, 2016, pursuant to a Color of Law conspiracy against Plaintiff, her children's safety, home and property;

→ The Defendants, Harwood and Sheriff's Department acted with Deliberate Indifference, as a proximate cause of the mental injuries sustained by the willful failure to protect Plaintiff's rights, property, safety and protection of her children and home for a period of more than 10 years;

→ The Defendants Harwood and Sheriff's Department provided active participation and gender harassment by its sister agency, Department of Social Services, its director, Harris, and employee, Sluder on March 11, 2016, and in furtherance of a class-based, invidious, discriminatory, anti-civil rights conspiracy against Plaintiff;

→ The County of Madison provides public funding of the functioning of county departments, agencie, officers, and employees, and as such, has provided funding for discriminatory policies customs, and unethical practices, under Color of Law, having *deliberate indifference,* and being a direct and proximate cause contributed to Plaintiff's mental suffering;

→ The County of Madison also provides public funding for the enforcement of such discriminatory policies, customs, and ***unethical*** practices – which is a proximate cause of, and correlation between the mental injuries sustained and the reckless and negligent failure of Defendants' Gilliam, Harwood, and Harris to adequately ***train*** and supervise their officers, employees, departments and agencies, so as to perform their duties and act in preventing a reasonably foreseeable consequence.

d. DECLARATORY AND INJUNCTIVE RELIEF, AND SPECIAL REQUESTS for PROTECTION, CEASE AND DESIST Orders and the request for an investigation of public corruption.

38

The Plaintiff requests that this Honorable Court to specifically determine certain of her rights against the Defendants, and to enter such determinations on record as Declaratory Judgments in this case; and to specifically issue Injunctive relief for "PROTECTIVE AND CEASE AND DESIST" action:

1. CEASE AND DESIST from further harassment of such unlawful actions, including surveillance, invasions, stalking and discriminatory conspiracies which has interfered with her daily Quality of Life;

2. That the County of Madison be required to provide Plaintiff and her children with a qualified home security system ,an independent private security detail for their protection and safety - being they have no law enforcement protection in Madison County- or in the alternative – be required to provide suitable and safe housing for Plaintiff and her children in another County - with security -considering all circumstances, together with the fact that the County of Madison CREATED this impossible, horrible, insane situation, and NIGHTMARE - because of the reckless disregard of Plaintiff's rights and the obsession to shield Mackey from criminal conduct and provide him with preferred treatment – over and above all reason and beyond the Law itself - while risking their own professional positions;

3. That the Court issue an Order immediately which specifically terminates, and otherwise revokes Dewain Mackey and dba Mackey Farms gravel driveway right-of-way easement; whereas, Mackey has two (2) separate right-of-way options that he has likewise been using, one being a community-access road, so that Plaintiff can close off that easement access to her property with her own fence or gate.

4. That the Court Order and direct an investigation into the chemical substance that Mackey continues to spray around the perimeter of the Walsh property;

5. That the Court Order and direct an investigation to see why Sheriff James Harwood should NOT be removed from public office; because of his incompetence, and willful failure to uphold the laws, and enforce the protection of rights and property of citizens; thereby appointing an interim sheriff, until election, hereby noting that Plaintiff actively campaigned against him, while endorsing another

39

candidate during the prior general election;

6. That the Court issue an Order to prevent Officers Bobby Gosnell and Joshua Burchfield from future lawenforcement employment, and revoke any permit or right to carry a firearm;

7. That the Honorable Court order and direct the County Of Madison, and its county officers and departments to CEASE AND DESIST from their discriminatory policies, customs, and practices of gender discrimination, gender harassment, and further refrain from conflicts-of-interest and the misuse and misappropriation of public funds and the breach of public trust;

8. That this Honorable Court direct and order a criminal investigation for violations of the North Carolina Ethics Act and Public Corruption of the former Defendants in 1:11-CV-321, <u>Walsh v. Mackey</u> and their active participation, with County of Madison, and (former) County Attorney, Larry Leake; together with the current Defendants, and others as yet unknown, and unnamed; wherein Plaintiff alleges that she was injured in her person and property, and damaged in the pursuit of her civil action as a direct result of the unlawful collusion, under Color of Law. Reference is made to the various, conflicts of interest, the intentional abuse and misappropriation of public funds, and defense of Lamona Ledford, a non-county employee, and spouse of John Ledford, former Defendant and former Madison County Sheriff.

e. ATTORNEYS' FEES AND DEFENDING COSTS

The Plaintiff seeks the cost of this action, and any Attorney's fees, and/or defending costs/fees, and all related costs be taxed against the Defendants.

d. DECLARATORY AND INJUNCTIVE RELIEF

The Plaintiff request that this Honorable Court specifically determine certain of her rights against the Defendants, and to enter such determinations on record as Declaratory Judgments in this case; and to issue Injunctions; including termination and revocation of his gravel driveway right-of-way easement on Plaintiff's lands; including Cease and Desist Orders so as to STOP the continuation of gender

40

harassment, and harassment to the Walsh family; continuing unlawful actions, such as those previously committed, and described above.

e. That the Defendants, Bobby Gosnell and Joshua Burchfield be stripped of all law enforcement credentials permanently, and forbidding them from acting in such professional positions of authority and capacities where firearms and public safety interests are involved; and further, that the said officers be prosecuted in criminal court and face the criminal penalties for the wrongful acts of committing an unauthorized and premeditated, armed Home Invasion, conspiracies, and gender harassment and discrimination, under the *Color of State-County* law, various other causes of action; together with the consideration of the lingering threat of fear of imminent harm and/or physical danger as a direct and proximate cause of their active participation in a class-based, invidious, discriminatory, anti-civil rights conspiracy with Defendant Mackey, and others.

f. TRIAL BY JURY on all Counts

Respectfully submitted, this the 9th day of May, 2019.

*Delta Walsh*

Delta Walsh, Plaintiff, Pro Se
Post Office Box 208
Mars Hill, North Carolina 28754
(828) 450-8073

### DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that she is the Plaintiff in the above action; that she has read the Complaint; and that the information contained therein is true and correct to the best of her knowledge and belief. This the 9th day of May, 2019.

*Delta Walsh*

Delta Walsh

41

<u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has on this 9th day of May, 2019, served a true copy of the foregoing AMENDED COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, upon the existing Defendants, and a copy or service of process will be served upon each new Defendant personally, with Summons, presumably by the United States Marshall, with the exception of John ("J") Doe; and a copy will be mailed to defense attorney of record for Madison County: Patrick H. Flanagan, Post Office Box 30787, Charlotte, North Carolina 28230

Forrest Gilliam
County Manager Madison County
107 Elizabeth Lane
Marshall, North Carolina 28753
(828) 649-2854

James "Buddy" Harwood
Sheriff of Madison County
348 Medical Park Drive
Marshall, North Carolina 28753
(828) 649-2721

Bobby Gosnell
c/o Madison County Sheriff Department
348 Medical Park Drive
Marshall, North Carolina 28753 or
92 Hassel Drive
Mars Hill, North Carolina 28754 or
(828) 712-5901

Bobby Gosnell Transport
9648 Highway 23
Mars Hill, North Carolina 28754

County of Madison
c/o Forrest Gilliam, County Manager
107 Elizabeth Lane
Marshall, North Carolina 28753
(828) 649-2854

Madison County Sheriff's Department
c/o Sheriff James "Buddy"Harwood
348 Medical Park Drive
Marshall, North Carolina 28753
(828) 649-2721

42

Madison County Department of Social Services
Attn: Connie Harris
5707 US-25 D
Marshall, North Carolina 28753
(828) 649-2711

Madison County Department of Social Services
 Attn.: Director, Connie Harris
5707 US 25 D
Marshall, North Carolina 28753
(828) 649-2711

Mandy Sluder
Department of Social Services
5707 US 25 D
Marshall, North Carolina 28753
(828) 649-2711

Dewain Mackey and dba Mackey Farms
1150 Fred Holcombe Road
Mars Hill, North Carolina 28754
(828) 712-6225

*Delta Walsh*

Delta Walsh, pro se, Individually,
Post Office Box 208
Mars Hill, North Carolina 28754
(828) 450-8073

### CERTIFICATE OF SERVICE

This is to certify that the undersigned has on this 26th day of May, 2020 delivered a true copy of the foregoing Summons and PLAINTIFF'S AMENDED COMPLAINT, to the United States District Court, for service of process by the United States Marshall's Office upon the Defendant, Joshua Burchfield, to Attorney of record provided below:

Stephanie H. Webster
Cranfill, Sumner, & Hartzog, LLP
2907 Providence Road, Suite 200
Charlotte, North Carolina 28211
(704) 332-8300

*Delta Walsh*
Delta Walsh, pro se

43