IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 82 MR WCM

| | |
|---|---|
| DELTA WALSH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FORREST GILLIAM, County Manager for )<br>Madison County, in his individual and official )<br>capacities, JOHN DOE SURETY )<br>INSURANCE COMPANY, believed to be )<br>"Western Surety Company," JAMES )<br>HARWOOD, "Buddy" in his individual )<br>capacity, and his official capacity as Sheriff )<br>of Madison County, BOBBY GOSNELL, )<br>in his individual capacity, and his professional )<br>capacity as a deputy officer employed by the )<br>Madison County Sheriff's Department, )<br>BOBBY GOSNELL TRANSPORT, )<br>JOHN DOE, Deputy Sheriff (appeared as )<br>letter "J" on his name I.D.) in his individual )<br>capacity, and his professional capacity as a )<br>law enforcement deputy officer employed by )<br>the Madison County Sheriff's Department, )<br>MADISON COUNTY SHERIFF'S )<br>DEPARTMENT, MADISON COUNTY )<br>DEPARTMENT OF SOCIAL SERVICES, )<br>CONNIE M. HARRIS, in her individual )<br>capacity, and her professional capacity as )<br>Director of the Madison County Department )<br>of Social Services, MANDIE SLUDER, or )<br>Mandy Sluder, in her individual capacity, and )<br>her official capacities, as social worker/ )<br>supervisor/employee of Madison County )<br>Department of Social Services, DEWAIN )<br>MACKEY, in his individual capacity, and in )  | MEMORANDUM AND<br>RECOMMENDATION |

| | )|
|---|---|
| his professional capacity doing business as | )|
| Mackey Farms, **JOHN AND MARY DOES,** | )|
| as yet unknown, and others unnamed, | )|
| | )|
| **Defendants.** | )|
| | )|

This matter is before the Court on "Defendant Joshua Burchfield's Pre-Answer Motion to Dismiss Plaintiff's Second Amended Complaint" (the "Motion," Doc. 61), which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).

I. Relevant Procedural History

On March 11, 2019, Plaintiff, appearing *pro se*, filed her original Complaint in this Court. Doc. 1. The defendants included Bobby Gosnell ("Gosnell") and "John Doe Deputy Sheriff" ("Deputy Doe").

On May 9, 2019, Plaintiff filed an Amended Complaint. Doc. 11. In response, various Defendants filed motions to dismiss and responsive pleadings. Docs. 20, 22, 23, 24, 26.

On February 25, 2020, the District Court issued a Memorandum of Decision and Order ("February 25 Order," Doc. 44) with respect to those motions to dismiss. As described in more detail below, the February 25 Order dismissed numerous claims and allowed other claims to proceed. The February 25 Order also provided Plaintiff with 60 days to identify and effectuate service

2

on Deputy Doe.

On February 26, 2020, an opt in/opt out form for this District's Pro Se Settlement Assistance Program was sent to Plaintiff. Plaintiff later returned the form and indicated that she wished to participate in the program. Docs. 45 & 46.

On May 5, 2020, Plaintiff's deadline for identifying and serving Deputy Doe was extended through and including June 5, 2020. Doc. 51. The Court also ordered Gosnell to provide Plaintiff with the identity and current contact information for Deputy Doe, or file a response, not to exceed five (5) pages, as to why Gosnell objected to making such a disclosure.

On May 26, 2020, Plaintiff moved for leave to amend her Amended Complaint (Doc 53) in order to identify Deputy Doe as being Joshua Burchfield ("Burchfield"). The motion to amend was allowed in part and Plaintiff was directed to file, on or before July 10, 2020, a second amended complaint that substituted Burchfield for Deputy Doe. Doc. 55.

On July 8, 2020, Plaintiff filed her Second Amended Complaint. Doc. 56.

On July 23, 2020, Burchfield filed a Motion for Extension of Time to Answer the Second Amended Complaint. Doc. 59. That motion was granted, and Burchfield's answer deadline was extended through and including August 12, 2020. Doc. 60.

On August 12, 2020, Burchfield filed the instant Motion to Dismiss. Doc.

3

61. Plaintiff has responded and Burchfield has replied. Docs. 63 & 64.

## II. Discussion

In the Motion, Burchfield argues substantively that Plaintiff's claims against him should be dismissed pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

From a procedural standpoint, each side argues that the other is improperly attempting to re-litigate issues that have been decided previously. Burchfield contends that Plaintiff's Second Amended Complaint "duplicated the claims of her Amended Complaint despite the Court's prior disposition of the majority of Plaintiff's Causes of Action in her Amended Complaint." Doc. 64 at p. 2. Plaintiff argues that Burchfield's Motion "should be dismissed on the grounds that the Court has previously adjudicated this matter." Doc 63 at p. 1.

In the February 25 Order, the District Court stated that Plaintiff had brought claims against all of the "Madison County Defendants in their official capacities." Doc. 44 at p. 24.[1] The Court went on to find that "Plaintiff's official capacity claims against Defendants Gilliam, Gosnell, Doe, Harris, and Sluder

---

[1] For purposes of the February 25 Order, Defendants Madison County, Madison County Manager Gilliam, Madison County Sheriff Harwood, Deputy Gosnell, Deputy Doe, Madison County Sheriff's Department, Madison County Department of Social Services, Connie M. Harris, and Mandie Sluder were referred to collectively as "the Madison County Defendants." Doc. 44 at p. 6.

[were] duplicative of the claims against their governmental employers." Consequently, Plaintiff's claims against Defendants Gilliam, Gosnell, Doe, Harris, and Sluder in their official capacities were dismissed. Doc. 44 at p. 24, n. 6.

With respect to Plaintiff's individual capacity claims against Gosnell and Doe (now Burchfield), the District Court stated as follows:

> The Plaintiff's Amended Complaint alleges sufficient facts to state a plausible claim that Deputies Gosnell and Doe violated her Fourth Amendment rights by searching her home without a warrant. While officers can conduct protective sweeps incident to arrest, those searches are generally limited to "spaces in a home where a person posing a danger to the police could hide and launch an attack." Buie, 494 U.S. at 325. Here, the Plaintiff alleges that Deputies Gosnell and Doe opened cabinets and drawers as part of their search. [Doc. 11 at 7, 24]. Moreover, the current factual record fails to clarify whether the cabinets or drawers that were allegedly searched were within Gooden's "grab area" when he was arrested. Because opening cabinets and drawers goes beyond the scope of a protective sweep, the Plaintiff has alleged sufficient facts to state a claim for a violation of her Fourth Amendment rights as the owner of the searched home. See e.g., United States v. Bullard, 645 F.3d 237, 244 (4th Cir. 2011) (searching cabinets exceeds the scope of a protective sweep).
>
> As such, the Madison County Defendants' motion to dismiss will be denied with regard to the Plaintiff's § 1983 claims against Deputy Gosnell and Deputy Doe in their individual capacities for violating her rights under the Fourth Amendment.
>
> Doc. 44 at pp. 31 – 32.

The Court also stated that "[t]o the extent that the Plaintiff attempts to assert state claims against Deputy Gosnell and Deputy Doe related to the search of her residence on March 11, 2016, such claims shall be allowed to proceed. With respect to the rest of the claims asserted against Deputy Gosnell and Deputy Doe, and against any of the other Defendants, the Court concludes for the same reasons set forth above that the Plaintiff has failed to state a cognizable claim and therefore these state law claims are dismissed with prejudice." Id. at 32.

Burchfield is correct that Plaintiff's Second Amended Complaint includes the claims Plaintiff made previously, including those claims that were dismissed. While it may have been preferable for Plaintiff's Second Amended Complaint to reference only those claims that have been allowed to proceed as described in February 25 Order, federal courts give latitude to the pleadings of *pro se* litigants and therefore the undersigned does not conclude that additional action should be taken with regard to Plaintiff's Second Amended Complaint. See e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (noting that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers").

It is understandable that Burchfield, faced with a Second Amended Complaint that appears to attempt to reallege all of Plaintiff's claims, would want to challenge those claims. Burchfield's position regarding those claims,

6

though, is not entirely consistent. Burchfield states that the February 25 Order "established the 'law-of-the-case' in this lawsuit" and argues that "the identical causes of action against Deputy Burchfield, which were previously dismissed with prejudice by the Court as to the Madison County Defendants, are subject to dismissal as to Deputy Burchfield pursuant to the 'law-of-the-case' doctrine." Doc. 61-1 at p. 6, n. 5. However, Burchfield also argues that all of Plaintiff's claims against him, presumably including the ones the District Court previously allowed to proceed, should be dismissed pursuant to Rule 12(b)(1) and Rule 12(b)(6).[2]

"The law-of-the-case doctrine recognizes that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Graves v. Lioi, 930 F.3d 307, 318 (4th Cir. 2019) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)). There are exceptions to this doctrine, including where: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a

---

[2] While, as discussed below, the undersigned recommends that the Motion be denied on other grounds, a specific note is appropriate concerning Burchfield's argument that the Court lacks subject matter jurisdiction over Plaintiff's state law tort claims. See Doc. 61-1, pp. 9-11. In particular, Burchfield contends that Plaintiff has explicitly relied upon the North Carolina State Tort Claims Act (the "Act," N.C.G.S. §143-291 *et seq.*) as the jurisdictional basis of her state law claims, and that for various reasons, the Act is not applicable. However, the only claims that remain as to Defendants Gosnell and Burchfield are asserted against them in their individual capacities. Federal question subject matter jurisdiction exists for Plaintiff's §1983 claim, and the Court may exercise supplemental jurisdiction over Plaintiff's remaining state law claims. 28 U.S.C. §§1331 & 1367(a).

7

contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." TFWS, Inc. v. Franchot, 572 F.3d 186, 191 (4th Cir. 2009) (citations omitted). Burchfield acknowledges, though, that those exceptions do not apply here. Doc. 61-1 at p. 6, n. 5 ("Given that none of the exceptions to its application exist here, the doctrine must be followed.").

The undersigned agrees with Burchfield that the February 25 Order established the law of the case with respect to the sufficiency of Plaintiff's claims as stated in her Amended Complaint (and repeated in her Second Amended Complaint) as to Gosnell and Deputy Doe (now identified as Burchfield). However, just as the February 25 Order established the law of the case with respect to Plaintiff's claims against Burchfield such that Plaintiff is prohibited from reasserting those now-dismissed claims, Burchfield likewise may not raise a new challenge to the claims that the District Court previously found should be allowed to proceed.

Under these circumstances, the undersigned will recommend that Burchfield's Motion be denied so that the case may proceed on the claims identified by the February 25 Order as being viable at this stage, to wit: Plaintiff's claims under 42 U.S.C. §1983 and North Carolina law against Defendants Gosnell and Burchfield in their individual capacities with regard to the alleged search that occurred on March 11, 2016.

8

In addition, the undersigned will recommend that the case be considered for the Pro Se Settlement Assistance Program, pursuant to Plaintiff's previous opt in request.

Finally, the docket indicates that Gosnell previously answered Plaintiff's Amended Complaint (Doc. 22) but that he has not filed an answer to Plaintiff's Second Amended Complaint. If the recommendation as to Burchfield's Motion to Dismiss is accepted and the Motion is denied, the undersigned presumes that Burchfield will then answer the remaining claims against him as they appear in Plaintiff's Second Amended Complaint. Consequently, for docket clarification purposes, the undersigned will recommend that Gosnell also be directed to file an answer to the remaining claims against Gosnell as they appear in Plaintiff's Second Amended Complaint.

### III. Recommendation

Having carefully considered the parties' arguments, the record, and applicable authority, the undersigned respectfully **RECOMMENDS:**

1. That Defendant Joshua Burchfield's Pre-Answer Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 61) be **DENIED**.

2. That the case be considered for the Pro Se Settlement Assistance Program, pursuant to Plaintiff's previous opt in request.

3. That Gosnell be directed to file an answer to the remaining claims pending against him as they appear in Plaintiff's Second Amended Complaint.

Signed: November 13, 2020

*W. Carleton Metcalf*
W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).